UNITED STATES, Appellee

v.

HAROLD CLIFFORD FLOOD, Electrician's Mate
Second Class, U. S. Navy, Appellant

2 USCMA 114, 6 CMR 114

No. 377

Decided December 31, 1952

CDR. Raymond W. Glasgow, USN, for Appellant.
CAPT. Francis C. Foley, Jr., USMCR, for Appellee.

ROBERT E. QUINN, Chief Judge:

This accused was tried by Navy general court-martial for desertion in violation of Article 8, paragraph 19 of the Articles for the Government of the Navy, 34 USC § 1200. The period of unauthorized absence was from January 16, 1951, to June 11, 1951. The accused was found guilty of absence without leave for the period alleged and was sentenced to a bad-conduct discharge, confinement for ten months, forfeiture of pay for ten months, and reduction in rating to electrician's mate third class. The convening authority approved the findings, but reduced the confinement and forfeitures to nine months and suspended the bad-conduct discharge. A board of review held that the portion of the sentence reducing accused to electrician's mate third class was a nullity, but otherwise affirmed. We granted petition for review to consider issues relating to the sentence.

We note at the outset that, since this offense occurred prior to May 31, 1951, but trial was held after that date, no greater sentence can be imposed than is authorized by the Manual for Courts-Martial, United States, 1951. United States v. Emerson (No 77), 1 CMR 43, decided November 14, 1951. The maximum period of confinement and forfeitures for this offense is six months. Manual, supra, paragraph 127c. Accordingly, so much of the sentence in this case as extends to confinement and forfeitures in excess of a six-months' period is illegal. United States v. Brasher (No 499), 6 CMR 50, decided October 20, 1952.

A more difficult question is presented by the reduction in rating. Paragraph 126e of the Manual, supra, as amended by Executive Order No 10256, dated June 23, 1951, provides:

" . . . Unless otherwise prescribed in regulations promulgated by the Secretary of the Department concerned, in the case of an enlisted person of other than the lowest pay grade, a sentence which, as ordered executed or as finally approved and suspended, includes (1) dishonorable or bad conduct discharge whether or not suspended, (2) confinement, or (3) hard labor without confinement, immediately upon being ordered executed or upon being finally approved and suspended, shall reduce such enlisted person to the lowest enlisted pay grade; provided that the rate of pay of the person so reduced shall be commensurate with his cumulative service.

"A court-martial is authorized to sentence an enlisted person to be reduced to an inferior or intermediate grade."

An apparent inconsistency in this paragraph appears, for, on the one hand, it provides for automatic reduction of an enlisted man to the lowest pay grade when the sentence is of the nature specified, and then, on the other hand, it explicitly states that a court-martial may order a man reduced to an intermediate grade. The court here could have concluded—and not necessarily unreasonably—that accused would be reduced to the lowest grade unless they specified otherwise, which they in fact attempted to do. However, viewed in context, it is clear that the draftsmen of the Manual had no such intention. That part of paragraph 126e, supra, respecting reduction to an intermediate grade is entirely unrelated to the matter preceding it, and was intended to make clear that, except as otherwise prohibited in the Manual, a court-martial could reduce an enlisted man to an inferior or intermediate grade, a practice theretofore firmly settled in the Navy, but unknown to the Army and Air Force. Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, pp 177–179.

Pursuant to the authority vested in him by paragraph 126e, supra, the Secretary of the Navy promulgated Section 0122 of the Naval Supplement to the Manual for Courts-Martial, United States, 1951, which provides:

"REDUCTION TO LOWEST PAY GRADE WHEN SENTENCED TO CONFINEMENT OR PUNITIVE DISCHARGE.—The reduction of an enlisted person to the

**115**

lowest pay grade as provided in paragraph 126e, MCM, will not be effected until the sentence has been finally approved as required in the particular case.

"a. *Limitation.* Such reduction will be effected only when the sentence, as finally approved and ordered executed, includes either an unsuspended dishonorable or bad conduct discharge or an unsuspended sentence to confinement for a period in excess of three months. Such reduction will not be effected in connection with a sentence of hard labor without confinement."

Patently, this section of the Naval Supplement relaxes somewhat the provisions of paragraph 126e of the Manual, supra, for it requires reduction to the lowest grade only when the sentence as finally approved includes an *unsuspended* punitive discharge or an *unsuspended* period of confinement *in excess of three months.* So, this Navy court-martial could have ordered accused confined for three months or less and reduced to an intermediate grade.

The sentence here, as adjudged by the court and approved by the convening authority, was inconsistent with the Naval Supplement in that it attempted to impose confinement in excess of three months and, at the same time, to reduce accused to an intermediate grade. The board of review resolved the problem by declaring the reduction to an intermediate grade a nullity. As finally approved by the board of review, and reduced still further to comply with the maximum limits established by the Manual, supra, the period of confinement levied would be six months. Under Section 0122 of the Naval Supplement, supra, with the reduction to an intermediate grade stricken out, accused will now—in the absence of action by this Court—be reduced to the lowest enlisted grade.

There was a different avenue open to the board of review. It could have reduced the period of confinement to three months or less, thereby leaving the reduction to an intermediate grade outstanding. This is the course we think it was required to take, for in the action

it took it was in effect increasing the sentence imposed by the court-martial and approved by the convening authority, thereby contravening paragraph 88 of the Manual for Courts-Martial, United States, 1951, which prohibits increase in a court-martial sentence. The inconsistency in the sentence should have been resolved in favor of the accused.

The decision of the board of review is reversed and the record remanded to The Judge Advocate General for action in conformity to the views expressed herein.

BROSMAN, Judge (concurring):

I concur in the result, but I prefer not to bottom the Court's holding on the bald and unamplified ground that the board of review "was in effect increasing the sentence imposed by the court-martial."

The trial court here imposed an inconsistent and illegal sentence, both branches of which cannot stand. Two courses are open to an agency of review in its effort to arrive at a determination of action. One is to observe flatly, and quite accurately, that—given the sentence to confinement imposed—the intermediate reduction in grade is without warrant in law. This approach would, of course, require that the attempted intermediate reduction be set aside, and that the accused be reduced to the lowest enlisted grade. The other path involves an attempt to ascertain the intention of the members of the court-martial who tried the accused —or with greater accuracy perhaps, to discover what would have been their intention had they been required to make an informed choice. This second course seems to me to be more nearly consistent at once with the spirit of the Uniform Code of Military Justice and the Manual for Courts-Martial, United States, 1951, as derived from their four corners, and with the opinion of this Court in the case of United States v. Brasher (No. 499), 6 CMR 50, decided October 20, 1952, in which we said:

"In a special and peculiar sense the sentence of the law for adjudged misconduct—military or civilian—is the

116

product of a trial court. It alone, of all agencies of the law, is authorized to 'adjudge' the law's penalty. True it is that review agencies are empowered to take varying sorts of action with respect to this phase of the trial court's task, but their function in this particular is secondary and derivative. They merely 'approve' or 'disapprove,' 'affirm' or 'reverse.' The trial court, on the other hand, 'imposes'—it determines as an original, a basic, and a primary proposition.

". . . In determining the legality of a juristic penalty we are forthwith remitted, therefore, to its primary source—the court-martial. We are required, we believe, to think of the matter in terms of the original, the fundamental act—that of imposition. . . ."

Viewing the problem through the spectacles of court-martial intention, which portion shall we consider controlling? I believe that, on the basis of military justice experience, we should accord the greater weight to the attempt to effect an intermediate reduction in grade. It is the unusual, the positive, the striking, the less frequent and normal, phase of the sentence, and thus should be deemed to have preponderated in the tribunal's thinking. In my opinion it should prevail—and I choose not to believe that I am attributing to myself special powers of divination in reaching this conclusion. In this special sense, therefore, the board's action may perhaps be said to have increased the sentence imposed on the accused.

If it be thought, however, that I have assumed psychic insight in purporting to discern the court-martial's intention, let it be said that I wholly agree with the implication of the majority that in such a case as this we should resolve reasonable doubts in favor of the accused person. I agree, too, with the further implication of the majority opinion, that at this stage of the proceedings, the action provided by this Court is the only one which may be taken with effectiveness and propriety. See Manual for Courts-Martial, United States, 1951, paragraph 86d.

Although I much prefer the result reached in this case by the Chief Judge, I am anxious to avoid the danger of being haunted by a flat rule—all of the implications of which I cannot now envision—declaring that a board of review is powerless to set aside as illegal a portion of a sentence if the action "in effect increases" the sentence adjudged in any way directly or indirectly. In vacuo I do not believe that action of this nature necessarily "increases" anything. It merely declares something to have been done without warrant of law.

LATIMER, Judge (dissenting):

I dissent.

There are two reasons why I believe the Court's opinion reaches the wrong result. First, the particular limitations with which we are dealing, prescribed in the Manual for Courts-Martial, United States, 1951, as modified by the Naval Supplement to that Manual, do not limit the court-martial in the sentence it may impose. Second, if it were to be conceded that they do, then that portion of the sentence imposed in this case which is in direct conflict with the law must fall. I shall develop briefly both reasons in the order stated.

Paragraph 126e of the Manual provides as follows:

"For the maximum limits of punishment for certain offenses committed by enlisted personnel, see 127. Unless otherwise prescribed in regulations promulgated by the Secretary of the Department concerned, in the case of an enlisted person of other than the lowest pay grade, a sentence which, as ordered executed or as finally approved and suspended, includes (1) dishonorable or bad conduct discharge, whether or not suspended, (2) confinement, or (3) hard labor without confinement, immediately upon being ordered executed or upon being finally approved and suspended, shall reduce such enlisted person to the lowest enlisted pay grade; provided that the rate of pay of the person so reduced shall be commensurate with his cumulative service."

Section 0122 of the Naval Supplement to the Manual for Courts-Martial, United States, 1951, promulgated by the Secretary of the Navy provides:

"REDUCTION TO LOWEST PAY GRADE WHEN SENTENCED TO CONFINEMENT OR PUNITIVE DISCHARGE.—The reduction of an enlisted person to the lowest pay grade as provided in paragraph 126E, MCM, will not be effected until the sentence has been finally approved as required in the particular case.

"*a. Limitation.—Such reduction will be effected only when the sentence, as finally approved and ordered executed, includes either an unsuspended dishonorable or bad conduct discharge or an unsuspended sentence to confinement for a period in excess of three months.* Such reduction will not be effected in connection with a sentence of hard labor without confinement.

"*b. 'Finally approved' defined.*— A sentence is 'finally approved' within the sense of this section when:

"(1) Approved by the supervisory authority (Sec. 0107) in the case of a special court-martial where the approved sentence does not involve a bad conduct discharge, or

"(2) *Promulgated by the Navy Department after final appellate action in all other general and special courts-martial cases.*" [Emphasis supplied]

I do not understand that there is any dispute concerning the authority of the courts-martial to impose any one of the three separate punishments. That is, it could impose separately a bad-conduct discharge, confinement or intermediate reduction. The illegality in the present sentence, if any, is in including the particular combination of the three. I shall, therefore, test the authority of the court-martial to impose the particular sentence.

A reading of the Naval regulations leads me to conclude that the limitations placed on the combination of the punishments are inapplicable until the commanders or agencies in the appellate review system have taken action on the sentence. There are two methods by which an enlisted man may be reduced: one by the sentence of a court-martial and the other by operation of law. It is to be noted that when reduction to the lowest grade is effected by operation of law, certain other penalties must be included in the sentence and the reduction does not take effect until final approval of the sentence. In this case, the automatic reduction cannot be imposed until the orders are promulgated by the Department of the Navy after final appellate action. That date is still sometime in the future.

I, of course, have no way of determining what the court-martial intended to impose in the way of sentence except by reading the sentence announced. I cannot tell by doing that which punishment it considered of paramount importance but I am led to believe that it concluded a bad conduct discharge and confinement of ten months were essential. In order to reach the result obtained, the Court relegates those to punishment of lesser importance. This then poses the question as to why we should interpret the regulations to overturn the sentence of the court-martial when it can be upheld within their provisions. I know of no reason why we should reconstruct the sentence unless it cannot be sustained on any legal theory. I suggest that if we measure it by the regulations we must conclude there is no necessity for casting it aside. I propose the following test to determine legality: assume the same sentence and assume any authority, with powers to do so, suspended the execution of the bad-conduct discharge and the confinement, could not the remaining portion of the sentence be approved and executed by higher reviewing authorities without violating Naval regulations? If so, why is the original sentence illegal? The reduction by operation of law would not be required and the intermediate reduction included in the sentence would be unassailable. To hold as the Court has done, is in effect to say that the power to impose a given sentence, is not tested by the authority of the court passing sentence but rather by some subsequent action taken by a reviewing authority.

118

My understanding is that if a sentence is legal at the time it was imposed, limitations which may subsequently be created by a contingency do not revert back and render it illegal. Even assuming they might, we are on questionable ground to hold a sentence illegal before the time in which the contingency may happen has not expired.

As to the other ground, if the limitation found in Naval regulations is intended to restrict the court-martial in imposing sentence, then that portion of the sentence which attempts to do what the regulation states may not be done, is illegal. The automatic reduction hinges clearly on an unsuspended bad-conduct discharge and an unsuspended period of confinement in excess of three months. The reduction is mandatory and not permissive. The court-martial has no discretion. If it intended what it said when it included in the sentence a bad-conduct discharge and ten-months' confinement, it made a mistake in law when it attempted to provide that reduction to the lowest possible grade should not be automatic. The regulations provide otherwise and a court cannot substitute its judgment for mandatory requirements. If any portion of a sentence must yield because it is contrary to law, it is that part which is illegal. If I were to conclude the limitation applied to the court-martial, I would further conclude the intermediate reduction was void as being contrary to the Manual and Naval Supplement.