UNITED STATES, Appellee

v

ROBERT W. PHIPPS, Master Sergeant, U. S. Air Force, Appellant

12 USCMA 14, 30 CMR 14

No. 14,252

Decided November 4, 1960

Lieutenant Colonel Philip J. Williamson argued the cause for Appellant, Accused. With him on the brief was Colonel James L. Kilgore.

Major James Taylor, Jr., argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel Merlin W. Baker.

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by special court-martial, the accused was found guilty of uttering a worthless check with intent to deceive, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934, and wrongful appropriation in violation of Code, supra, Article 121, 10 USC § 921. He was sentenced to a bad-conduct discharge. Intermediate appellate authorities affirmed, and we granted accused's petition for review on the issue whether it was correct for the trial counsel to advise the court-martial that the only discharge it could impose was a bad-conduct discharge.

After reaching findings of guilty and hearing evidence in extenuation and mitigation, the court-martial closed to consider the question of sentence in accused's case. In a short time, it reopened and the following colloquy between the president and counsel occurred:

"PRES: I call the court to order requesting advice regarding the different kinds of discharge. On our sentence work sheet here they only talk about a bad conduct. Is it permissible for us to have the regulation on this or—about the general discharge.

"TC: It would be improper for the court to actually be presented with the regulation or with other legal authorities; however, I will furnish the court with instructions regarding the discharges which this court may adjudge and will consult with the defense counsel on these instructions prior to presenting them to the court. If we could have a recess for about five minutes so that we can draft up some instructions on this, I would appreciate it.

"PRES: All right, the court will be recessed for 10 minutes for drafting of additional work sheet.

. . . . .

"TC: . . . The court is advised, on a request from the president, that this court may adjudge a discharge of a punitive nature only and the only punitive discharge which this court by its very nature can adjudge is a bad conduct discharge.

14

"DC: Let the record reflect that this is a true representation of the law.

"PRES: All right. The court will be closed."

The issue presented by the foregoing advice of the trial counsel to the court-martial is whether its sentence may extend to an administrative discharge from the service or whether military judicial penalties of that nature are limited to the traditional dishonorable and bad-conduct discharges.

At the outset, we note that various regulations of the armed forces denominate five types of certificates by which personnel may be separated from their status as members of the services. Air Force Regulations 39–10, March 17, 1959; Army Regulations 635–200, April 8, 1959. This group includes honorable discharges, general discharges, undesirable discharges, bad-conduct discharges, and dishonorable discharges. Issuance of an honorable discharge certificate is the normal method of ending a member's status. General and undesirable discharges are frequently utilized by the armed forces for the administrative elimination of inapt and unsuitable personnel. The regulations recognize that bad-conduct and dishonorable discharges will be issued only as the result of a sentence by general or special court-martial.

The Government contends that courts-martial have traditionally been limited to the imposition of either a dishonorable or bad-conduct discharge as a means of separating an accused from the service, whereas the accused, pointing to the ultimate effect in our society of a less than honorable discharge, argues that the imposition of a general discharge is a punishment not forbidden by the Code. See Code, supra, Article 19, 10 USC § 819, and Manual for Courts-Martial, United States, 1951, paragraph 126c. Our examination of the problem convinces us that the proposition advanced by the Government is the conclusion which the Code requires us to reach.

Throughout the hearings which it held on the administration of military justice, prior to the enactment of the Uniform Code of Military Justice, Congress repeatedly indicated its concern with the imposition of punitive discharges upon members of the armed forces. See, for example, Hearings before House Armed Services Committee on H. R. 2498, 81st Congress, 1st Session, pages 610, 691, 697. In order to insure that all sentences to such discharges were adequately examined, provision was made for automatic appellate review of cases in which they were imposed as well as petition for further review by this Court upon good cause shown. House Hearings, supra, page 610; Code supra, Articles 66, 67, 10 USC §§ 866, 867. Significantly, however, Congress provided for such review only in the case of bad-conduct and dishonorable discharges, thus according recognition to the fact that only these two methods of separation may be used in court-martial sentences. In like manner, other appellate rights were conferred without respect to the existence of any other type of discharge. Code, supra, Articles 65, 71, 72, 73, 75, 10 USC §§ 865, 871, 872, 873, 875. Indeed in delineating the authority of the Secretary of the department concerned with respect to action upon a new trial in which a previously executed dishonorable or bad-conduct discharge is not reimposed, Code, supra, Article 75, the dichotomy between punitive and nonpunitive separations was expressly recognized by providing that he "shall substitute therefor a form of discharge authorized for *administrative* issuance." (Emphasis supplied.)

The foregoing considerations make it clear beyond cavil that Congress did not intend for courts-martial to separate accused persons from the service by inclusion of discharges other than bad-conduct or dishonorable in their sentences. To hold otherwise would be to disregard the procedures which our legislative branch thoughtfully required in order to insure that one's military career was not unfairly terminated by judicial action, for it is certain that the express terms of the various Articles of the Code, cited supra, cannot be enlarged to embrace sentences which

**15**

extend only to one of the forms of discharge authorized for administrative issuance. It is no less well established that Congress intended all of the cases in which discharges were imposed to be reviewed by boards of review and, subject to the demonstration of good cause, by this Court.

There is little doubt of the reasoning which led Congress to speak only in terms of the two types of discharge. Historically, Army courts-martial were limited to dishonorable separations from the service. Navy tribunals, however, also utilized the bad-conduct discharge. Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, pages 433–434. In 1948, the Articles of War were amended also to permit Army and Air Force use of the latter type of separation. Articles of War 12, 13, 10 USC (1946 ed, Supp IV) §§ 1483, 1484. Accordingly, at the time the Uniform Code was enacted, Congress did no more than to recognize military practice as it existed at that time, and when it provided various protections to the military defendant, it did so only in terms of the traditional punitive discharges. In view of its action, we do not believe that we may properly enlarge the sentencing power of a court-martial to include other forms of separation.

It follows that the action of the trial counsel in advising the president of the court-martial was correct. Accordingly, we can find no error in the instruction.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

QUINN, Chief Judge (concurring):

At least one kind of administrative discharge appears to be linked in practice to the military criminal law. On a number of occasions, Congress has considered the punitive effects of the undesirable discharge, which is classified as an administrative discharge. I fully appreciate that insofar as it impairs economic and educational opportunity and community position, the practical consequences of that type of discharge may be virtually as bad as those of a bad-conduct discharge. I am also aware of circumstances tending to indicate that the undesirable discharge has been used as a substitute for a court-martial, even in deprivation of an accused's rights under the Uniform Code of Military Justice. However, the remedy for this troublesome situation rests in the hands of Congress. For the reasons set out in the principal opinion I am convinced that, under present law, a court-martial has no power to adjudge a type of discharge other than bad-conduct or dishonorable.