UNITED STATES, Appellee

v

FLOYD E. PLUMMER, First Lieutenant, U. S. Army, Appellant

12 USCMA 18, 30 CMR 18

No. 14,001

Decided November 18, 1960

*First Lieutenant Jerome D. Meeker* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ralph Herrod.*

*First Lieutenant Harvey L. Zuckman* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel James G. McConaughy, First Lieutenant Alvin B. Fox,* and *First Lieutenant George H. Parsons.*

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of wrongfully being at a house of prostitution in an off-limits area while wearing the uniform of a noncommissioned officer, in violation of Uniform Code of Military Justice, Article 133, 10 USC § 933, and failure to obey a lawful general regulation by being in an off-limits area, in violation of Uniform Code of Military Justice, Article 92, 10 USC § 892. He was sentenced to be dismissed from the service and to forfeit all pay and allowances. The convening authority approved the sentence in the manner noted below. The board of review set aside the findings of guilty with re-

spect to the charge of disobedience. It nevertheless affirmed the sentence. We granted accused's petition for review on three issues, all of which revolve around the effect of the convening authority's action.

Following the trial, the staff judge advocate carefully reviewed the record. With respect to the adjudged sentence, he stated:

"The sentence is correct in law and fact. The accused by his disgraceful conduct in this one instance has shown himself to be unworthy for retention in the officer corps of the Army. Because of his previous excellent military record and his attitude of sincere repentance I believe the dismissal should be commuted to an administrative form of discharge under other than honorable conditions. You are authorized to recommend such action which lies within the power of the Secretary of the Army under the provisions of Article 71(b), Uniform Code of Military Justice.

. . . . . .

"For the reasons mentioned above it is recommended that the sentence be approved. It is further recommended that your action include a recommendation for commutation of the dismissal to an administrative discharge under other than honorable conditions. Pursuant to Article 71(b) the order directing execution of the sentence must be withheld pending approval by the Secretary of the Army."

The convening authority's action upon the record was as follows:

"In the foregoing case of First Lieutenant Floyd E. Plummer . . . the sentence is approved. In view of the previous good military record of the accused and the fact that he has recognized the reprehensible nature of his conduct and has indicated sincere repentance it is recommended that the dismissal be commuted to provide for an administrative form of discharge under other than honorable conditions. The record is forwarded to the Judge Advocate General of the Army. . . ."

The question raised by the review of the staff judge advocate and the action of the convening authority is whether the latter affirmatively found that the dismissal adjudged by the court-martial was appropriate. The Government, on the one hand, argues that the convening authority was affirmatively desirous of separating the accused from the service for his misconduct but, at the same time, wished to have the character of that separation mitigated and so recommended. On the other hand, appellate defense counsel urge that the convening authority concluded a dismissal was inappropriate and that he should have exercised his power of commutation or remission. Indeed, it is contended that he might himself mitigate the dishonorable character of the dismissal to an administrative discharge under conditions other than honorable.

We may immediately dispose of the argument that the convening authority was empowered to approve so much of the sentence as included an administrative discharge. In United States v Phipps, 12 USCMA 14, 30 CMR 14, decided November 4, 1960, a unanimous Court concluded that a court-martial might not adjudge an administrative discharge from the service. As a convening authority may not approve a penalty which is not included within the sentencing power of a court-martial, it necessarily follows that he is not empowered to convert a punitive discharge to one intended only for administrative issuance. United States v Brasher, 2 USCMA 50, 6 CMR 50. Moreover, it is equally clear that the dividing line between administrative and judicial action is as applicable to appellate authorities as it is to the tribunal imposing sentence. See United States v Simpson, 10 USCMA 229, 27 CMR 303, at page 232.

Elimination of the foregoing contention, however, does not solve the problem before us. Uncertainty remains concerning the question of the convening authority's intent in approving the dismissal and recommending its commutation. It may be that he found a dis-

missal fully appropriate. It is also arguable that he did not believe accused deserved such a severe penalty but was unaware of his full authority with respect to changing the form of the punishment. In this connection, it is important to note that the action was taken before publication of our opinion in United States v Russo, 11 USCMA 352, 29 CMR 168, wherein we held that a convening authority or a board of review might properly reduce a sentence through exercise of the power of commutation. In short, we are of the view that the action on this case, read in light of the staff judge advocate's review and the *Russo* decision, is sufficiently ambiguous to demand its return. United States v Gebhard, 11 USCMA 765, 29 CMR 581. In taking his new action on the sentence, the convening authority should do so with full recognition both of the fact that the accused now stands convicted of only one charge and the full breadth of his duty and authority concerning the appropriateness of the penalty to be approved. See United States v Russo, supra.

The decision of the board of review with respect to the sentence is reversed. The record of trial is returned to The Judge Advocate General of the Army for transmission to the convening authority for additional review and a new action with respect to the adjudged sentence.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

As I interpret the record in this case the convening authority concluded the accused should be separated from the service. As my associates point out, he was powerless to substitute an administrative discharge for the dismissal. Thus it is apparent he accomplished his intended result by the only judicial method available to him. However, as a matter of clemency he sought to soften the results of the separation by recommending to the authorities possessing power to do so that it be accomplished administratively. While I concede that United States v Russo, 11 USCMA 352, 29 CMR 168, changed the law, and that this Court's decision was subsequent to the convening authority's action in the case at bar, there is nothing in this record which indicates the reviewing officer contemplated punishment other than some form of separation. Accordingly, any knowledge concerning the convening authority's powers of commutation imparted by United States v Russo, supra, which might permit retaining accused in the service, would have no effect on the reviewing authority's desire to remove him from the rolls of the Army. For my further views on this subject, see my dissent in United States v Gebhard, 11 USCMA 765, 29 CMR 581.

Accordingly, I would affirm the decision of the board of review.