UNITED STATES, Appellee

v

CHARLES B. POWELL, Airman Third Class,
U. S. Air Force, Appellant

12 USCMA 288, 30 CMR 288

No. 14,627

Decided April 21, 1961

*Major William A. Crawford, Jr.,* argued the cause for Appellant, Accused. With him on the brief was *Colonel James L. Kilgore.*

*Major John C. Wiley* argued the cause for Appellee, United States. With him on the brief was *Colonel Merlin W. Baker.*

*First Lieutenant Alvin B. Fox,* U. S. Army, argued the cause for Amicus Curiae. With him on the brief were *Lieutenant Colonel James G. McConaughy,* U. S. Army, and *Lieutenant Colonel Gilbert G. Ackroyd,* U. S. Army.

## Opinion of the Court

HOMER FERGUSON, Judge:

This is a special court-martial in which the accused was tried for larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, found guilty, and sentenced to bad-conduct discharge, forfeiture of $40.00 per month for six months, confinement at hard labor for six months, and reduction to the grade of Airman Basic. The convening authority, supervisory authority, and board of review approved the sentence. We granted accused's petition for review on the question whether that portion of his punishment relating to reduction was legal in view of the failure of the president to include it as a possible penalty in his instructions on the maximum sentence.

The briefs filed by the Government and by *amicus curiae* contend that the adjudged reduction is legal on a threefold basis. First, it is urged that the president's instructions on the maximum sentence do not circumscribe the penalty which the court-martial may adjudge. Secondly, it is argued that the issue is mooted by the provisions of Code, supra, Article 58a, 10 USC § 858a, enacted July 12, 1960, and Air Force regulations promulgated pursuant to the terms of that statute. Finally, it is stated that Code, supra, Article 58a had the effect of incor-

porating a reduction in the sentence by operation of law.

The first point may be summarily treated. In United States v Crawford, 12 USCMA 203, 30 CMR 203, this Court rejected the contention that a reduction might lawfully be adjudged if the president's instructions on maximum sentence did not refer to that penalty as a permissible additional punishment. We are not disposed to reexamine that holding.

The balance of the Government's contentions involve the same basic consideration and may be treated together. In United States v Simpson, 10 USCMA 229, 27 CMR 303, this Court held that, in order for a judicial reduction of an accused to be effective, it must be expressly adjudged by a court-martial and that the attempt to add such a penalty, under the purported authority of paragraph 126e, Manual for Courts-Martial, United States, 1951, to certain sentences upon their approval by the convening authority, was invalid as an illegal attempt to increase the punishment awarded by the court. Following publication of our opinion in the *Simpson* case, the Department of the Air Force sought from the Comptroller General of the United States an expression of his views concerning whether those persons not expressly sentenced to reduction by action of a court-martial but whose punishment, as approved, fell within the purview of the mentioned Manual paragraph, were entitled to be paid in the grade which they held immediately prior to approval of their sentences. Adopting the views of the dissenting judge in United States v Simpson, supra, and without consideration of the provisions of Code, supra, Article 76, 10 USC § 876, the Comptroller General expressed the view that the Manual provision operated effectively to reduce each such individual to the lowest enlisted grade. See United States v Armbruster, 11 USCMA 596, 29 CMR 412.

This self-created confusion led the Department of the Air Force to seek remedial legislation, and Congress enacted the provisions of the pertinent Manual paragraph into positive law. Thus, it was provided statutorily that, unless otherwise prescribed in departmental regulations, a court-martial sentence which, as approved by the convening authority, includes dishonorable or bad-conduct discharge, confinement, or hard labor without confinement, reduces the member upon whom it is imposed to the lowest enlisted grade, effective upon the date of its approval.

Nothing in the terms of the statute indicates it was intended to impose a judicial reduction upon the accused or that it was to include such a puishment in his sentence by operation of law. To the contrary, it clearly provided that such reduction was to become effective upon the date the convening authority approved the sentence, and it is quite obvious that this must occur on a day following the court's announcement of the punishment it adjudged. Hence, it hardly can be logically argued that the statute has the effect of inserting reduction into the sentence as an additional punishment.

Moreover, a reading of the legislative history of Code, supra, Article 58a, makes it quite clear that the Congress had no intention of passing legislation designed to provide for an automatic, judicially imposed penalty if certain other punishments were awarded by the court-martial and approved by the convening authority. Rather, it was intended to make the reduction an administrative consequence of the enumerated sentences. House Report No. 1619, 86th Congress, 2d Session, pages 2, 3, and 9. Hence, it can have no effect upon the question of the propriety of inclusion of a judicially pronounced reduction in the sentence of a court-martial when the president's instructions did not cover that contingency. United States v Pajak, 11 USCMA 686, 29 CMR 502; United States v Cleckley, 8 USCMA 83, 23 CMR 307. The Article is merely declaratory of the services' undoubted authority administratively to reduce any accused whose punishment comes within its terms.

In sum, this Court has always drawn a sharp line between administrative and judicial action. United States v Pajak, supra; United States v Phipps, 12 USCMA 14, 30 CMR 14;

United States v Plummer, 12 USCMA 18, 30 CMR 18. Indeed, in United States v Simpson, supra, at page 232, we expressly distinguished the authority judicially to reduce an individual from the undoubted authority of the armed services administratively to deprive him of his grade. We do not believe that the use of such authority, now specifically conferred by statute, can be held retroactively to validate a judicial action taken without the framework of proper instructions, and we reject the argument that it may be given such effect.

Accordingly, we hold so much of the sentence as orders accused's reduction to the grade of Airman Basic illegal and set it aside. As thus modified, the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

There is no point in rearguing my dissent in United States v Simpson, 10 USCMA 229, 27 CMR 303, for Congress has spoken in this area and, regardless of the prior views of members of this Court, the law is fixed. My associates do not deny that accused has indeed been reduced and well they cannot for, whether such action be labeled judicial, administrative, or statutory, this accused was reduced by law on August 11, 1960. In the end he receives no benefit from the abortive act of my brothers in attempting to breathe life into a dead issue and thereby give importance to a matter which is *de minimis*. Neither do I perceive any benefit from reasserting the views I expressed in by dissenting opinion in United States v Crawford, 12 USCMA 203, 30 CMR 203. For all practical purposes, as I therein stated, the holding in that case is academic insofar as Army and Air Force prosecutions are concerned. However, I do believe it important to note that in this instance it is the height of folly for this Court to set aside—on paper, at least—accused's reduction, when regardless of my associates' action it has become fixed by operation of law. By so ordering, the waters will again be muddied, for the Court's action takes effect after the reduction has been effected by statute and, while the decision will be on the books, its legal effect will die aborning. All that can be accomplished by a ruling of this sort is to confuse the services as to the purport of this decision.