UNITED STATES, Appellee

v

RICHARD W. KOLEFF, Sergeant First Class,
U. S. Army, Appellant

16 USCMA 268, 36 CMR 424

No. 19,293

June 17, 1966

*Captain John C. Holzer* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Jacob Hagopian* and *Lieutenant Colonel Martin S. Drucker.*

*Major John F. Webb, Jr.,* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins, Lieutenant Colonel Francis M. Cooper,* and *First Lieutenant Leroy Moore.*

KILDAY, Judge:

The appellant was arraigned before a general court-martial, convened at Fort Ord, California, on one charge and specification of absence without leave, one charge and five specifications of uttering bad checks with intent to defraud, and an additional charge and two specifications of uttering worthless checks with intent to deceive, in violation of Articles 86 and 123(a), Uniform Code of Military Justice, 10 USC §§ 886 and 923(a), respectively. He pleaded guilty to all charges and specifications. A stipulation, which established a prima facie case as to each specification, was received in evidence.

The law officer properly advised the court as to the maximum imposable sentence, including reduction to the lowest, or any intermediate, enlisted pay grade. The law officer was not requested to, nor did he, instruct the court that a sentence as approved by the convening authority, which includes a punitive discharge, confinement, or hard labor without confinement, reduces an enlisted person to pay grade E-1 pursuant to the provisions of Article 58(a), Uniform Code of Military Justice, 10 USC § 858.

The court-martial sentenced appellant to confinement at hard labor for one year and reduction to the grade of E-4. The convening authority commuted that portion of the sentence adjudging confinement at hard labor for twelve months to confinement at hard labor for four months and forfeiture of $83.00 per month for four months, and approved the sentence as thus modified. The Judge Advocate General referred the case to the board of review pursuant to Article 69, Uniform Code of Military Justice, 10 USC § 869, for review in accordance with Article 66 of the Code. The board of review affirmed the findings and sentence. The Judge Advocate General, pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, certified the case to this Court on the following issue:

"WAS THE BOARD OF REVIEW CORRECT IN FINDING THE APPROVED SENTENCE CORRECT IN LAW?"

Before the board of review, appellant challenged the sentence on two grounds: (1) that the same in providing confinement at hard labor for one year is inconsistent with that portion of the sentence reducing the accused to the grade of E-4; and (2) that the law officer erred by failing to instruct the court on the effect of Article 58(a), Uniform Code of Military Justice, supra, upon a sentence which includes a punitive discharge, confinement, or hard labor without confinement.

In affirming the sentence in this case, the board of review stated:

"Article 58a being an integral part of the Uniform Code of Military Justice we do not consider that it could do any harm and believe that it would be helpful to a court in arriving at an appropriate sentence to be instructed in all cases where the accused is in a pay grade above that of E-1 substantially as follows (Cf. United States v Cleckley . . . [8 USCMA 83, 23 CMR 307], dissenting opinion of Chief Judge Quinn):

The court may adjudge reduction to the lowest or any intermediate enlisted grade, either alone or in connection with any other kind of punishment included within the maximum limit of authorized punishments. However, in connection with adjudging or not adjudging a reduction of any kind as a part of the sentence, you are further advised that a court-martial sentence of an enlisted member in a pay grade above E-1, as approved by the convening authority, that includes (1) a dishonorable discharge or bad conduct discharge; (2) confinement; or (3) hard labor without confinement; reduces that member to pay grade E-1, unless the convening authority takes certain actions which are within his discretion. You are cautioned that in arriving at a sentence you must

**269**

not anticipate or rely on any action which the convening authority might take but rather fix a sentence which you deem appropriate."

We agree with the board of review in the view thus expressed. We also agree that the instruction formulated by the board of review, and above-quoted, or one of substantially the same import, should be given when applicable.

The board of review also used the following language:

"Here, trial defense counsel expressly acquiesced in the presentencing instructions given. Though given an opportunity, he expressly declined to offer any objection to them or to request any additional instructions. Having stood by without objection or request, the appellant may not be heard to complain for the first time on appeal as to instructional deficiencies in an area where there is no obligation on the law officer to instruct sua sponte (See e.g., United States v Caliendo, 13 USCMA 405, 32 CMR 405; United States v Sanchez, 11 USCMA 216, 29 CMR 32; United States v Dykes, 5 USCMA 735, 19 CMR 31)."

We are not prepared to hold that a case could not, conceivably, arise in which substantial justice might require the consideration on appeal of this issue, even though not previously raised. In view of the disposition we make of this case, however, it is not necessary to pursue the question further.

Article 58(a), Uniform Code of Military Justice, supra, was preceded by paragraph 126e, Manual for Courts-Martial, United States, 1951, the two being practically identical. The vicissitudes of paragraph 126e, supra, and the executive department, judicial and legislative histories of Article 58(a), supra, have been adequately recorded in the opinions of this Court. Among others, see United States v Flood, 2 USCMA 114, 6 CMR 114; United States v Simpson, 10 USCMA 229, 27 CMR 303; United States v Powell, 12 USCMA 288, 30 CMR 288.

United States v Powell, supra, was considered by us subsequent to the enactment of Article 58(a), supra. Therein we considered the legislative history of that Article and stated:

"In sum, this Court has always drawn a sharp line between administrative and judicial action. United States v Pajak . . . [11 USCMA 686, 29 CMR 502]; United States v Phipps, 12 USCMA 14, 30 CMR 14; United States v Plummer, 12 USCMA 18, 30 CMR 18. Indeed, in United States v Simpson . . . [10 USCMA 229, 27 CMR 303], at page 232, we expressly distinguished the authority judicially to reduce an individual from the undoubted authority of the armed services administratively to deprive him of his grade. We do not believe that the use of such authority, now specifically conferred by statute, can be held retroactively to validate a judicial action taken without the framework of proper instructions, and we reject the argument that it may be given such effect." [United States v Powell, supra, at pages 289, 290.]

We point out that in these previous cases, we were considering action to reduce an individual, which action was taken subsequent to the assessment of sentence by the court-martial. In the instant case we are considering, for the first time, the adequacy of instructions under Article 58(a), supra, to the court-martial prior to the assessment of sentence by it. It is to be remembered that we are here dealing with an Article of the Uniform Code of Military Justice and not with action sought to be taken under a separate law as in United States v Cleckley, 8 USCMA 83, 23 CMR 307. In Cleckley, we were concerned with forfeitures rather than reduction. We believe, however, that the language of Chief Judge Quinn, in his dissenting opinion in Cleckley, properly states the reasons which support the giving of an instruction such as proposed by the board of review in this case. The Chief Judge there stated:

"In an appropriate case, a court-martial must, in my opinion, be ad-

vised that, if it adjudges a dishonorable discharge and confinement, the accused is no longer entitled to any pay. Only then can the court know that a determination to adjudge partial forfeitures, and thus preserve for the accused part of his pay until his separation from the service, can have no effect. Only then can the court know that partial forfeitures are, for all practical purposes, inoperative when coupled with a dishonorable discharge and confinement. . . . And, if the instructions it receives are inadequate, it cannot make an intelligent determination of an appropriate sentence." [United States v Cleckley, supra, at page 87.]

In United States v Quesinberry, 12 USCMA 609, 31 CMR 195, we made clear that a court-martial is entitled to adequate guideposts in deliberating on an appropriate penalty.

It is true that in this case there was no request that the provisions of Article 58(a), supra, be ▆▆▆▆▆▆ ▆ included in the instructions of the law officer, nor was there objection that the instructions did not contain the same. Had either action been taken by defense counsel the law officer would have had an opportunity to include the same in his instructions. We note, however, that when the court-martial returned its proposed sentence the law officer was equally informed that the court-martial had determined a sentence which it deemed to be appropriate, but which, by reason of Article 58(a), supra, an integral part of the Code, could not be effective. At that time the court-martial was still in existence and fully competent to further consider an appropriate sentence which it could impose and which could become effective.

In United States v Samuels, 10 USCMA 206, 211, 27 CMR 280, we said:

"In view of the remarks by the president of the court-martial, made against the backdrop of the accused's commendable naval record, if the court-martial had been advised that the sentence was void and that the attempt to suspend the bad-conduct discharge was not binding upon the convening authority, it may well have adjudged a sentence which did not include a bad-conduct discharge."

The Government seeks to distinguish Samuels, supra, from the instant case on the ground that in Samuels the attempted sentence was void and here the sentence is legal. Whether such a distinction be valid or not, we point out the reason supporting the action in Samuels and the result to appellant are practically identical. Quite recently, in United States v Wanhainen, 16 USCMA 143, 36 CMR 299, we considered a case in which the court-martial among other penalties sentenced the accused to " 'a Bad Conduct Discharge, suspended for six months.' " We there adhered to the holding in United States v Samuels, supra, and stated:

"Taken together, therefore, the teaching of United States v Marshall [2 USCMA 342, 8 CMR 142], and United States v Samuels . . . [10 USCMA 206, 27 CMR 280], is that, under the circumstances here presented, the lack of a proper instruction by the president was prejudicially erroneous, and reversal must follow, despite the suspending action of the convening authority." [United States v Samuels, supra, at page 144.]

Appellant, at the time of trial, was twenty-nine years of age. He had completed more than fourteen years of service, having enlisted when only fifteen years of age. Notwithstanding his very early enlistment, he had completed two years of college education. He had reached the grade of Sergeant First Class (E-6). He had a good military record, marred by a single imposition of punishment under Article 15, Uniform Code of Military Justice, 10 USC § 815.

Appellant testified under oath, prior to sentence, as to a number of circumstances in mitigation of the offenses to which he had entered pleas of guilty. It is evident he impressed the court-martial thereby, for it imposed no punitive discharge; thereby determining

**271**

that he had a military potential and should be retained in the service. It quite evidently determined that his potential could the best be utilized as an E-4 rather than an E-1. In light of the sentence attempted, it is quite clear that had the court been informed that reduction to an intermediate grade would not be effective and that he would be automatically reduced to E-1 under the provisions of Article 58(a), supra, it may well have adjudged a sentence which did not include hard labor.

The certified question is answered in the negative. The decision of the board of review is reversed. The record is returned to The Judge Advocate General of the Army for further action not inconsistent with this opinion. A board of review may reassess the sentence so that, within the terms of Article 58(a), supra, the appellant will not be reduced below the grade of E-4, as fixed by the court-martial, or a rehearing may be ordered.

Chief Judge QUINN and Judge FERGUSON concur.