UNITED STATES, Appellee

v

JOHNNIE C. JOHNSON, Private, U. S. Army, Appellant

18 USCMA 436, 40 CMR 148

No. 21,835

July 3, 1969

*Captain Paul C. Saunders* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Charles W. Schiesser, Major David J. Passamaneck,* and *Captain Karl J. Uebel.*

*Captain Herbert D. Miller, Jr.,* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick* and *Major Edwin P. Wasinger.*

## Opinion of the Court

FERGUSON, Judge:

The accused pleaded guilty to three specifications of being absent without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, and was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for two years. Intermediate appellate authorities have affirmed the findings and sentence without change. We granted review on the following issue:

Whether the law officer erred to the substantial prejudice of the appellant by failing to instruct the court that when voting on proposed sentences, it should begin with the lightest proposal and continue in this manner until a sentence is adopted by the concurrence of the required number of members.

When the board of review considered this issue it agreed that the law officer erred under the provisions of paragraph 76*b*(2), Manual for Courts-Martial, United States, 1951. A majority of the board members found no prejudice to this accused. The dissenting member, however, disagreed and would have directed a rehearing on sentence.

The law officer, during the presentencing instructions, stated in part:

". . . When the court has completed its discussion any member who desires to propose a sentence will write his proposal on a slip of paper. The junior member will collect the proposed sentences and submit them to the president. The court will then vote by secret written ballot to determine whether one of the sentences proposed is adopted by the concurrence of the required number of members. The junior member shall in each case collect and count

436

the votes and the count shall be checked by the president who shall forthwith announce the results of the ballot to the members of the court."

The law officer's instruction on the procedure to be followed in voting upon proposed sentences conformed with the requirement of paragraph 76b(2), Manual, supra, except that it failed to include a direction that the court should vote on proposed sentences "beginning with the lightest," as prescribed in the above-cited paragraph of the Manual. See also Procedure for Trials before General and Special Courts-Martial, Manual, supra, Appendix 8a, page 521; Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, Sentence and Punishment, page 391. This procedural requirement, which is neither contrary to nor inconsistent with Article 51(a), Code, supra, 10 USC § 851 (voting and rulings), nor any other provision of the Code, has the force of law and is of binding application in trials by courts-martial, since it was prescribed by the President pursuant to power specifically delegated to him under Article 36(a) of the Code, supra, 10 USC § 836. United States v Smith, 13 USCMA 105, 32 CMR 105. As we had previously stated in United States v Villasenor, 6 USCMA 3, 7, 19 CMR 129:

. . . We have consistently recognized that where a Manual provision does not lie outside the scope of the authority of the President, offend against the Uniform Code, conflict with another well-recognized principle of military law, or clash with other Manual provisions, we are duty-bound to accord it full weight."

The voting procedure, prescribed in paragraph 76b(2) of the Manual that the lightest proposed sentence be voted on first, is, in our opinion, more than a mere technicality. It is, essentially, a part of military due process. Winthrop, supra, and the Manual have long recognized this presentencing procedure as a regular part of the voting process.[1] See discussion in United States v Blair, 24 CMR 869, 871–872. Whether or not it is followed may well have a substantial effect upon the sentence adjudged against an individual accused. It is a valuable right accorded an accused by directive of the President (United States v Smith, supra) and should not be lightly regarded. Cf. United States v Turner, 9 USCMA 124, 25 CMR 386; United States v Hutton, 14 USCMA 366, 34 CMR 146; United States v Turner, 16 USCMA 80, 36 CMR 236; United States v Koleff, 16 USCMA 268, 36 CMR 424; United States v Yocom, 17 USCMA 270, 38 CMR 68; United States v Wheeler, 17 USCMA 274, 38 CMR 72.

A court, uninstructed as to this procedure, may well believe that the voting could properly commence with consideration of the most severe proposed sentence. Since we have no way of ascertaining what took place, the voting having been conducted in secret, and, inasmuch as, in our opinion, the matter concerned a substantial right of the accused, the doctrine of plain error may be properly invoked. United States v Stephen, 15 USCMA 314, 35 CMR 286. Reversal as to sentence is required.

The decision of the board of review as to sentence is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing on sentence may be ordered.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I cannot accept the majority's determination that the Manual's voting procedure for sentence "is, essentially, a part of military due process," and that reversal of the court-martial's imposition of punishment is required because of an erroneous instruction as to the procedure, without considering whether prejudice resulted from the error. Even the failure to instruct as required by the Uniform Code of Mili-

---

[1] Manual for Courts-Martial, United States, 1969, paragraph 76b(2).

tary Justice does not have that inexorable consequence. United States v Lucas, 1 USCMA 19, 1 CMR 19.

Since the required number of court members must agree before a sentence is legally effective, I am unable to see that it makes any difference whether the vote starts with the lightest or the most severe proposed sentence. If anything, I think that psychologically it is better to start with the most severe and have that rejected than to start with the most lenient and have that discarded. I think the Manual provision is based on the erroneous assumption that the most severe sentence is likely to be the vote of the most senior member; thus the practice starting with the lightest sentence, which presumptively is the vote of the most junior member, corresponds to the practice of letting the junior member collect the ballots. I suggest that, if the law officer had erroneously instructed that the ballots be collected and counted by the president, rather than by the junior member of the court as provided by the Manual, no prejudice would be perceived in the erroneous instruction.

I would affirm the decision of the board of review.