**UNITED STATES, Appellee,**

v.

**Private (E–2) Ronald L. MILLER SSN 400–96–3278, United States Army, Appellant.**

**CM 443554.**

U.S. Army Court of Military Review.

30 Jan. 1984.

Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, JAGC, Major Paul J. Luedtke, JAGC, and Captain Robert S. Johnson, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Kurt J. Fischer, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

OPINION OF THE COURT

NAUGHTON, Judge:

Consistent with his pleas, appellant was convicted of absence without authority in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886

(1976). He was sentenced by a general court-martial composed of officer members to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of all pay per month for six months. The convening authority reduced the forfeitures to $382.00 per month for six months, suspended for one year the confinement at hard labor in excess of two months, and otherwise approved the sentence adjudged.

Appellant assigns three errors; only one merits discussion. Appellant contends he is entitled to a rehearing on sentence because the military judge failed to require the sentence worksheet be amended to reflect correctional custody as a proper form of punishment that could be adjudged at a general court-martial. We do not agree.

During a presentencing hearing the military judge asked trial defense counsel if he had any objection to the sentence worksheet. Defense counsel indicated that he objected to the worksheet because correctional custody was not listed as a permissible punishment. Relying on extracts of several opinions of The Judge Advocate General of the Army in court-martial cases involving applications for relief pursuant to Article 69, UCMJ, 10 U.S.C. § 869 (1976), the military judge overruled the objection.[1]

Correctional custody was introduced in 1962 as a non-judicial punishment by Article 15, UCMJ, 10 U.S.C. § 815 (1964). This article was implemented by Chapter XXVI, Manual for Courts-Martial, 1951, as amended by Executive Order 11081, dated 29 January 1963. Both the current Manual for Courts-Martial and the Uniform Code of Military Justice specifically provide for correctional custody as a form of nonjudicial punishment. Article 15, UCMJ, 10 U.S.C. § 815 (1976); Manual for Courts-Martial, 1969 (Revised edition), para. 131c(4) [hereinafter cited as Manual]. The President has defined correctional custody as "the physical restraint of a person during duty or nonduty hours, or both, *imposed as a punishment under Article 15,* and may include

extra duties, fatigue duties, or hard labor." Manual, para. 131c(4) (emphasis added).

Whether a court-martial is authorized to impose correctional custody as a punishment depends upon the sentencing powers extended to that body by Congress. Articles 18, 19, and 20, 10 U.S.C. §§ 818, 819, and 820, UCMJ, govern the jurisdiction of general, special, and summary courts-martial and expressly provide that they shall have jurisdiction to adjudge any punishment not forbidden by the Code, subject to certain limitations specified in those Articles and subject to such limitations as the President may prescribe. In addition to the powers of limitation conferred in Articles 18, 19, and 20, UCMJ, the President is authorized by Article 56, UCMJ, 10 U.S.C. § 856, to prescribe maximum limits to punishments. The President has set forth these limitations in Chapter XXV, Manual. That chapter enumerates and discusses in detail the various punishments which may be adjudged by a court-martial and establishes maximum limits on the punishments which may be adjudged for certain offenses.

The crux of appellant's argument is that the "any punishment not forbidden" language of Article 18 (as recapitulated in paragraph 126b, Manual), coupled with the absence of an express Codal or Manual prohibition against the use of correctional custody as a court-martial punishment, means that correctional custody may be imposed by a court-martial. We find it appropriate to look beyond the specific language contained in the Code to determine the limitations Congress and the President have imposed on the sentencing powers of a court-martial. *See United States v. Phipps,* 12 U.S.C.M.A. 14, 30 C.M.R. 14 (1960), in which the Court of Military Appeals looked beyond the expressly prohibitive sections of the Code to determine Congressional intent and held that it was intended that courts-martial could only adjudge punitive dis-

---

1. *See* Military Justice Items, The Army Lawyer, Sep. 1972, at 13; Dept. of Army Pam. 27–74–8, Judge Advocate Legal Service, para. IV 2 (1974); Dept. of Army Pam. 27–72–12, Judge Advocate Legal Service, para. III 3 (1972).

charges and not those of an administrative nature.

■ The legislative history of the 1962 amendments to the UCMJ indicates that the purpose of the amendments was to enhance discipline by increasing the authority of commanding officers to impose nonjudicial punishment without resort to trial by courts-martial. S.Rep. No. 1911, 87th Cong.2d Sess., *reprinted in* 1962 U.S.Code Cong. & Ad.News 2379, 2380. The legislative history goes on to state that: "The purpose of correctional custody is to exercise close supervision over an individual to the end that the cause of his behavior that resulted in the commission of an offense may be corrected, without stigmatizing him with a sentence to 'confinement'." *Id.* at 2384. Our reading of the legislative history of correctional custody is confirmed by application of the canons of statutory construction. As neither Congress nor the President provided for the imposition of correctional custody by courts-martial, but did specifically provide for it as a nonjudicial punishment, we conclude, on the basis of the doctrine of *expressio unius est exclusio alterius,* that they did not intend to authorize the imposition of this punishment by courts-martial.[2]

In light of the above, we hold that a court-martial may not legally adjudge a sentence which includes correctional custody.[3]

The findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge COHEN concur.

---

**2.** *Cf. United States v. Hewett,* 2 M.J. 496 (A.C.M.R.1976) (applying same doctrine, court held military judge was without authority to impose sentence directing accused to attend weekly meetings of Alcoholics Anonymous.)

**3.** We are aware of the opinion in *United States v. Pleasants,* 46 C.M.R. 1294 (A.C.M.R.1973), which implied that extra duty was an authorized court-martial sentence. In that case the adjudged and approved sentence included extra duty. The Court commented:

... [E]xtra duty is not one of the authorized punishments listed in the Code.... Neither does the Manual list it as appropriate for the

three types of courts-martial.... However, since it is an authorized mode of punishment administered under Article 15, UCMJ, ... and since a court-martial may 'adjudge any punishment not forbidden by this chapter,' there is no prejudice to the appellant. *Id.* at 1299. This analysis is inapplicable to correctional custody given the legislative history of correctional custody and the limitation expressed by the President in the definition of correctional custody. We offer no opinion as to the correctness of this analysis as it applies to extra duty.