**UNITED STATES, Appellee,**

v.

**Private First Class Joseph S. YOUNG, 052–62–6636, United States Army, Appellant.**

**SPCM 22602.**

U.S. Army Court of Military Review.

29 April 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Dale K. Marvin, JAGC, Captain Brian R. St. James, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Richard Parker, JAGC (on brief).

Before O'ROARK, RABY and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

Appellant was tried by a military judge sitting as a special court-martial. Pursuant to his pleas, he was found guilty of one specification of failure to repair, one specification of absence without leave, three specifications of disrespect to an officer, one specification of offering violence toward an officer, and one specification of violating a lawful general regulation. Appellant was sentenced to a bad-conduct discharge, confinement for three months, forfeiture of two-thirds pay for three months, and reduction to the grade of Private E-1. The convening authority disapproved the finding of guilty of one of the disrespect specifications and dismissed that specification. He then approved only so much of the sentence as provided for a bad-conduct discharge, confinement for three months, forfeiture of $142.00 pay per month for three months, and reduction to the grade of Private E-1.[1]

Initially, the military judge imposed a sentence which did not include a reduction in grade. Trial counsel then advised him that Article 58a, Uniform Code of Military Justice, 10 U.S.C. § 858a (1982)

1. The military judge, in sentencing the accused to forfeiture of two-thirds pay for three months, neglected to state that the forfeitures were to be computed on a "per month" basis. Based on the staff judge advocate's advice, the convening authority resolved this ambiguity in favor of the accused. Specifically, in lieu of approving a forfeiture of $426.00 pay for one month, the convening authority approved a forfeiture of $142.00 pay per month for three months. This action was in conformity with the staff judge advocate's express recommendation.

[hereinafter cited as UCMJ], would operate automatically to reduce appellant to the pay grade of E–1 if either the punitive discharge or the confinement was approved. The military judge, in the mistaken belief that Article 58a required him to reduce appellant even though he did not believe that a reduction was appropriate, "corrected" the sentence to include the additional punishment of reduction to the lowest enlisted grade. Appellant asserts that the military judge erred by changing appellant's sentence to include a reduction. We agree. It is well-settled that a reduction pursuant to Article 58a, UCMJ, is not a part of the court's sentence, but an independent administrative consequence thereof under certain conditions specified by statute. Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter cited as R.C.M.] 1003(b)(5) discussion; *United States v. Koleff*, 36 C.M.R. 424 (C.M.A.1966); *United States v. Powell*, 30 C.M.R. 288 (C.M.A.1961); *United States v. Lawrence*, 22 M.J. 846, 847 n. 1 (A.C.M. R.1986). Although the defense counsel did not object to the military judge's erroneous interpretation of Article 58a, nor to the re-sentencing of the accused, we decline government appellate counsel's invitation to apply the waiver doctrine in resolving this issue.[2] Since it is clear to us from the military judge's comments that he did not intend to include a reduction as part of appellant's sentence, we will take the appropriate corrective action to conform the sentence to the one the judge initially imposed.

■ Also, appellant asserts for the first time that the staff judge advocate erred by failing to advise the convening authority of the effect of Article 58a, UCMJ. In short, appellant's position is that the convening authority should have been advised that the military judge would not have reduced appellant except for his erroneous interpretation of Article 58a. We find no merit in appellant's allegation of error. The staff judge advocate is not required by law to review trial records for legal error, nor is he required to comment on an alleged error in his recommendation unless it first has been raised by the defense counsel's post-trial submission. R.C.M. 1106(d)(4). Since no post-trial allegation of error was made by the defense counsel, we conclude that the staff judge advocate in the instant case was not required to discuss the effect of Article 58a in his recommendation. Thus, he did not err by failing to do so.

■ Assuming *arguendo* that the omission in the staff judge advocate's advice was error, we are satisfied that it did not rise to the level of plain error. In the absence of plain error, the defense counsel's failure to comment on the alleged error of omission effectively waived that issue. R.C.M. 1106(f)(6).

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for three months, and forfeiture of $142.00 pay per month for three months.

Chief Judge O'ROARK and Senior Judge RABY concur.

**2.** We note that trial counsel's conduct directly induced this error.