UNITED STATES, Appellee

v.

WILLIAM EARL MARSHALL, Seaman Apprentice,
U. S. Navy, Appellant

2 USCMA 342, 8 CMR 142

No. 1670

Decided March 24, 1953

CDR Raymond W. Glasgow, USN, for Appellant.
CDR E. L. McDonald, USN, for Appellee.
LTJG Robert Emmet Dunne, USN, Amicus Curiae.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Following his plea of guilty, the accused was convicted by special court-martial of sleeping on post, an offense proscribed by the Uniform Code of Military Justice, Article 113, 50 USC § 707. The court sentenced him to receive a bad-conduct discharge, to perform hard labor without confinement for 45 days, and to be restricted to the limits of his ship for 60 days. However, at the same time, it purported to suspend the punitive discharge for a period of one year. The convening authority noted that he was aware of no precedent either supporting or specifically disapproving the exercise of power by a court-martial to award and suspend a punitive discharge,

but—without attempting to solve the problem posed—approved the sentence, and reduced the term of suspension to six months. The supervisory authority's staff legal officer expressed the view that it was within the court's power to adjudge and suspend a punitive discharge, but observed that its members could not order suspension for a period longer than six months. He concluded, however, that this infirmity had been cured by the action of the convening authority. No authoritative source was cited in support of this opinion that six months constitutes the maximum suspensive period, and our recitation of his view should not be taken as expressing any sort of concurrence therewith. The supervisory authority approved the findings and the sentence as reduced by the convening authority. In its consideration of the case, the board of review—one member dissenting—held that the trial court was without power to suspend a punitive discharge, and resultantly to adjudge a suspended bad-conduct discharge; that the sentence in this aspect was therefore illegal and wholly inoperative; and that the convening authority could not lawfully treat the imposition of the discharge as valid and himself suspend its execution. The basis assigned for the latter conclusion was that, if the convening authority treated the discharge as having been legally imposed, and himself sought to suspend its execution, his action would operate to increase the punishment—this for the reason that the sentence, as it involved the discharge, was void and of no effect. Accordingly, the board affirmed the findings and only so much of the sentence as did not extend to the punitive discharge. The Judge Advocate General, United States Navy, thereupon certified to this Court two questions:

"(1) Has a court-martial, as a matter of law, the authority to adjudge suspension of a bad-conduct discharge as a part of its sentence?

"(2) If the answer to the first issue is in the negative, what is the legal effect of such attempted suspension of a bad conduct discharge?"

## II

Our decision in United States v. Benney Ray Simmons (No. 940), 6 CMR 105, decided December 31, 1952, requires that we answer the first question in the negative. We there observed that historically the power of suspension "has been, without exception, vested solely in those reviewing authorities which had the power to order execution of a sentence." Courts-martial have never enjoyed this latter power. Consequently the contention that they possess the power of suspension is without either analytical or historical foundation. Nor did Congress, in the Uniform Code, supra, see fit to grant courts-martial authority to order suspension of sentences adjudged. As we pointed out in Benney Ray Simmons, supra, the power is not an inherent one possessed by all courts. Ex parte United States, 242 US 27, 61 L ed 129, 37 S Ct 72. There is, therefore, no sound premise for the suspensive action of the court-martial in this case.

## III

The board of review held that the court's imposition and suspension of a bad-conduct discharge was void in toto. We cannot agree. Although its attempt to suspend was certainly without legal effect, we see no reason whatever why that vice should extend as well to the imposition of the discharge. In following the course it did, the court was required to take two steps. First, it was necessary that the discharge be adjudged, and second, it was necessary that its execution be suspended. These two steps were, by their very nature, wholly separate and distinct, and, therefore, severable. Being severable, the illegality in the second does not at all touch the first. Accordingly, as the case reached the convening authority, it carried an entirely valid sentence to a bad-conduct discharge. That officer, of course, had the power to suspend its execution. See United States v. Benney Ray Simmons, supra. We interpret his action thereon as an exercise of that power, so that, as the case left his cus-

tody, it then carried outstanding a valid punitive discharge suspended.

As noted previously in our effort to trace the progress of this case, the board of review held that the convening authority could not properly treat the discharge as having been legally imposed for the reason that this would operate to increase the sentence. This conclusion would be sound if the discharge were void, but, as we have held, it was entirely legal. Only the suspension by the court-martial constituted a nullity. The situation presented to the convening authority, to the board of review, and to this Court as well, was and is quite unlike those found in either United States v. Flood (No. 377), 6 CMR 114, decided December 31, 1952, or United States v. Brasher (No. 499), 6 CMR 50, decided October 20, 1952.

Having thus answered the certified questions, the record is remanded to The Judge Advocate General, United States Navy, for further proceedings not inconsistent with this opinion.

Chief Judge QUINN and Judge LATIMER concur.