UNITED STATES, Appellee,

v

RONALD D. CIESLAK, Airman Third Class, U. S. Air Force, Appellant

13 USCMA 216, 32 CMR 216

No. 15,888

July 27, 1962

*Major Quincey W. Tucker, Jr.*, argued the cause for Appellant, Accused. With him on the brief was *Colonel Joseph E. Krysakowski*.

*Major James Taylor, Jr.*, argued the cause for Appellee, United States. With him on the brief was *Colonel Merlin W. Baker.*

### Opinion of the Court

FERGUSON, Judge:

The issues on which we granted accused's petition for review in this case concern themselves solely with trial counsel's argument on the sentence. In his summation, he suggested that im-

position of a bad-conduct discharge would not necessarily cause accused's punitive separation but could result in giving him "an opportunity to prove himself." In addition, he drew attention to a defense exhibit, admitted without objection, in which accused's commander recommended his retention in the service; characterized the letter as "hearsay;" and argued that the United States "did not have the opportunity of . . . examining him in detail as to his opinion—if there were any exceptions to it—any additions or whether under the circumstances this is his true impression today."

We need not inquire whether trial counsel's argument was erroneous. While accused was sentenced to bad-conduct discharge, confinement at hard labor for six months, forfeiture of $50.00 per month for six months, and reduction to the grade of airman basic, the entire thrust of the remarks was calculated to obtain inclusion in the adjudged punishment of a punitive discharge. The supervisory authority's action ordered the probationary suspension of that penalty for the period of confinement and four months thereafter. We are now advised that the bad-conduct discharge and the unexecuted portion of the adjudged confinement and forfeitures were remitted on June 7, 1962.

As we perceive no real difference between remission of a discharge and its disapproval, such action serves to remove any prejudice flowing from the trial counsel's argument—assuming its impropriety—by complete elimination of that portion of the sentence to which his presentation addressed itself. United States v Johnson, 12 USCMA 602, 31 CMR 188. The questions before us are, accordingly, moot. United States v Fisher, 7 USCMA 270, 22 CMR 60; United States v Bedgood, 12 USCMA 16, 30 CMR 16; cf. United States v Prescott, 2 USCMA 122, 6 CMR 122.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.