UNITED STATES, Appellee

v

RAYMOND D. ANDERSON, Staff Sergeant,
U. S. Air Force, Appellant

14 USCMA 515, 34 CMR 295

No. 17,359

April 24, 1964

*Lieutenant Colonel James W. Logan* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel E. Henderson, Jr.,* and *Major William A. Crawford, Jr.*

*Major James Taylor, Jr.,* argued the cause for Appellee, United States. With him on the brief was *Colonel Emanuel Lewis.*

## Opinion of the Court

QUINN, Chief Judge:

On June 27, 1963, the accused, a thirty-six-year-old staff sergeant with seventeen and one-half years of honorable service, was brought to trial before a special court-martial for offenses committed in the period from April 24 to June 11, 1963. There were six specifications of failing to report to work on time, and one specification of failing to obey an order to drain the fuel from a tank and to take the tank to the welding shop for repair, in violation of Articles 86 and 92, Uniform Code of Military Justice, 10 USC §§ 886 and 892, respectively. The accused was convicted as charged.

Arguing on the sentence, Government counsel referred to the accused's long years of service. However, he maintained that a "man of . . . [the accused's] experience" knows "what it is" to disobey the order of a superior noncommissioned officer. He implied that this circumstance strongly militated against the accused's "retainability" in the service.[1] The court sentenced the acccused to a bad-conduct

---

[1] According to the record, the accused was never convicted of a felony or misdemeanor in any Federal or state court; and never before in his military career was he tried by court-martial or subjected to administrative punishment. There was a "great noise factor" in the accused's work and his hearing gradually deteriorated. Shortly after the offenses were committed, he was examined at a United States Air Force Hospital. It was determined that he suffered from a "neurosensory hearing loss" of a sufficient degree to disqualify him from working on the flight line. In the opinion of an ear specialist, a

515

discharge, reduction to airman basic, and confinement at hard labor for six months. On review, a board of review determined that the evidence did not sustain the charge of failing to obey. It reversed the findings of guilty of a violation of Article 92, and dismissed the charge. Reassessing the sentence for the violations of Article 86, the board of review reduced the period of confinement from six months to two months, but approved the bad-conduct discharge. See Article 58a, Uniform Code of Military Justice, 10 USC § 858a.

Each of the specifications approved by the board of review carries a maximum punishment of confinement at hard labor for one month and partial forfeitures for a like period. Addendum to Manual for Courts-Martial, United States, 1951, January 1963, paragraph 127 *c*, page 5. The affirmance of the bad-conduct discharge, therefore, was authorized only under the additional punishment provision of the Manual which authorizes a court-martial to adjudge a bad-conduct discharge when the "authorized confinement . . . for . . . [the offenses found] is six months or more." Manual for Courts-Martial, United States, 1951, paragraph 127*c*, Section B. Considering this circumstance, and the accused's unblemished background, we granted review to determine whether the board of review erred by affirming the bad-conduct discharge instead of directing a rehearing on the sentence by a court-martial, as the primary sentence authority. United States v Johnson, 7 USCMA 488, 494, 22 CMR 278; United States v Fowle, 7 USCMA 349, 22 CMR 139; see also United States v Hutton, 14 USCMA 366, 34 CMR 146; cf. United States v Christopher, 13 USCMA 231, 233, 32 CMR 231; United States v Stene, 7 USCMA 277, 22 CMR 67.

After our grant of review, the appropriate military authority remitted the bad-conduct discharge. Although appellate defense counsel present a persuasive case against the wisdom of imposing any criminal penalties for the offenses affirmed by the board of review, our jurisdiction is limited to the legal issue presented by the appeal. United States v Gilluly, 13 USCMA 458, 32 CMR 458. Remission of the bad-conduct discharge, pending our consideration of the appeal, is tantamount to disapproval of the discharge. United States v Cieslak, 13 USCMA 216, 32 CMR 216. From the legal standpoint, elimination of the discharge removes the basis for challenge of the decision of the board of review. See United States v Fowle, supra. The accused has been retained in the service. We need not, therefore, prolong the judicial proceedings to accord him the opportunity to obtain what has already been granted. We return the record of trial to The Judge Advocate General of the Air Force, secure in the knowledge that the purpose of the accused's appeal has been achieved. United States v Cieslak, supra.

Judges FERGUSON and KILDAY concur.

---

loss of hearing of this kind would "tend to make a person nervous, and . . . to do things he may not otherwise do."