UNITED STATES, Appellee

v

LEE R. PATT, Private, U. S. Marine Corps, Appellant

14 USCMA 556, 34 CMR 336

No. 17,371

May 28, 1964

*Lieutenant (jg) Patrick W. Lee,* USNR, argued the cause for Appellant, Accused.

*Major J. M. Detrio,* USMCR, argued the cause for Appellee, United States.

## Opinion of the Court

KILDAY, Judge:

Tried by special court-martial, accused pleaded guilty to breach of the restraint imposed while undergoing the nonjudicial punishment of correctional custody, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was convicted in accordance with his plea and sentenced to bad-conduct discharge, confinement at hard labor for four months, and forfeiture of $40.00 per month for that same period. The convening authority reduced the period of confinement and forfeitures to three months and suspended the execution of accused's punitive discharge with provision for automatic remission. In other respects he approved the findings and sentence, and the officer exercising general court-martial jurisdiction approved that action.

A board of review in the office of The Judge Advocate General of the Navy purported to affirm the findings and sentence, and thereafter accused petitioned this Court under the provisions of Article 67(b)(3), Uniform

556

Code of Military Justice, 10 USC § 867. We granted his petition for review to consider an assignment of error in which accused contends that:

The action of the board of review is a minority action, inconsistent with its findings, and to that extent arbitrary and void.

The facts germane to consideration of this limited issue may be found in the actions taken by the three participating members of the board of review. One member signed a decision affirming the findings and sentence as approved below. Another dissented on the ground that the specification failed to allege an offense. The third member of the board signed a concurring opinion, stating:

"I concur in the findings of guilty. I concur in the sentence as affirmed *in order to dispose of the case at this level.* Otherwise I am of the opinion a punitive discharge is inappropriate for this offense."

He went on to make a comparison to the imposable punishment for simple breach of restriction, and to comment on both good and unfavorable aspects of accused's service.

The defense position may be simply stated. Under Article 66(c), Uniform Code of Military Justice, 10 USC § 866, a board of review acts only with respect to findings and sentence as approved below, and it may affirm "only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." A board of review, appellate defense counsel points out, can act only through a majority and based on the findings of a majority. United States v Hangsleben, 8 USCMA 320, 24 CMR 130. Furthermore, the action of a board may not be inconsistent with its findings. See United States v Cavallaro, 3 USCMA 653, 14 CMR 71; United States v Gebhard, 11 USCMA 765, 29 CMR 581. Applying those principles, the defense contends that the board of review's action purporting to affirm the sentence may not stand, as counsel asserts that only one member—the one voting to affirm the findings and sentence outright—found the bad-conduct discharge appropriate. The other two, it is argued, did not, for one dissented and the "concurring" member specifically stated his belief that the discharge was inappropriate.

The Government correctly notes that the decisive inquiry boils down to the appropriateness of a suspended bad-conduct discharge, for there can be no doubt but that a majority of the members of the board of review affirmed the findings of guilty, and the only question as to sentence concerns punitive separation. With regard to the suspended discharge, clearly the member acting to affirm outright found it appropriate. So, too, the Government urges, did the concurring board member, for he expressly joined in affirming a suspended bad-conduct discharge, albeit with some reservations. Thus, it is concluded, a majority of the three participating members of the board validly acted to affirm accused's sentence, as approved and suspended below.

The action taken by the concurring member of the board is, of course, of paramount significance under the circumstances. Scrutinizing his opinion carefully, we are reluctant to brand as arbitrary his action in voting to affirm despite his reservation as to the appropriateness of punitive separation. The sentence which he joined in affirming included a bad-conduct discharge *suspended with provision for automatic remission,* whereas the reservation he expressed in his opinion was with regard to an unqualified punitive discharge. Thus, it may be seen that the reservation expressed by the concurring member of the board is not necessarily at odds with his action, whereby he specifically concurred in the sentence as affirmed. Nevertheless, it should be noted that any controversy over such matters would be obviated if care were exercised by authorities, at all stages of appellate review, to spell out their positions with clarity and precision, so as to eliminate any possibility of misunderstanding. Cf. United States v Cavallaro, supra; United States v

**557**

Moreno, 5 USCMA 500, 18 CMR 124; United States v Gebhard, supra.

Be the foregoing matters as they may, there is no occasion to pursue the issue further in the present instance. By a joint pleading, filed by the parties after oral arguments were heard in the case at bar, we are apprised that the period of probationary suspension expired and accused's bad-conduct discharge was automatically remitted subsequent to the time we granted his petition for review. Under the circumstances, remission of the discharge—the only portion of the sentence against which an attack is directed—removes the basis for challenge of the decision of the board of review. As was noted in United States v Cieslak, 13 USCMA 216, 217, 32 CMR 216:

". . . we perceive no real difference between remission of a discharge and its disapproval. . . ."

See also United States v Anderson, 14 USCMA 515, 34 CMR 295.

These judicial proceedings, therefore, need not be prolonged. The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.