USCMA 127, 36 CMR 283, this date, in all respects controlling.

It appears that the Commanding General, Force Troops, in accordance with section 0103b(5) of the Navy JAG Manual, purported to designate Headquarters Company "a separate and detached command within the meaning of" Uniform Code of Military Justice, Article 23(a)(6), 10 USC § 823. In United States v Ortiz, supra, we held a separate company not to be a separate and detached command within the meaning of Code, supra, Article 23(a)(6), and that, by section 0103b(5) of the Navy JAG Manual, supra, the Secretary of the Navy did not intend to confer special court-martial appointing authority upon these commands unless they were such "within the meaning of article 23." The board, therefore, was correct, and the certified question is answered in the affirmative.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

KILDAY, Judge (dissenting):

I dissent.

It is conceded that the decision in United States v Ortiz, 15 USCMA 505, 36 CMR 3, petition for reconsideration denied, 16 USCMA 127, 36 CMR 283, is controlling in the case at bar. For the reasons stated in my dissenting opinion on the petition for reconsideration in *Ortiz*, I would answer the certified question in the negative, and reverse the decision of the board of review.

UNITED STATES, Appellee

v

RICHARD H. WANHAINEN, Airman Recruit, U. S. Navy, Appellant

16 USCMA 143, 36 CMR 299

No. 19,070

March 18, 1966

*Lieutenant John P. Meade*, USNR, argued the cause for Appellant, Accused. With him on the brief was *Major Paul F. Henderson, Jr.*, USMC.

*Lieutenant Jean E. Van Slate*, USNR, argued the cause for Appellee, United States. With him on the brief was *Colonel J. E. Hanthorn*, USMC.

FERGUSON, Judge:

Tried by special court-martial on two specifications of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and pleading guilty thereto, the accused was duly convicted. Among other penalties, he was sentenced to "a Bad Conduct Discharge, suspended for six months." Treating that portion of the sentence regarding suspension as a recommendation for clemency, the convening authority approved the discharge, but suspended it probationally for a period of six months.[1] The supervisory authority approved, and the board of review affirmed, one member dissenting. We granted accused's petition for review on the assigned error whether it was prejudicial for the president of the court-martial to fail to instruct the court members, in light of the adjudged sentence, but it lacked the authority to suspend the bad-conduct discharge.

The issue is governed by our decision in United States v Samuels, 10 USCMA 206, 27 CMR 280. There, accused, likewise a member of the naval service, was sentenced to a bad-conduct discharge, suspended for a period of three years. We held "the law officer erred to the material prejudice of the accused by failing to instruct the court that the suspended portion of the sentence was a nullity." We specifically noted, at page 211:

"In view of the remarks by the president of the court-martial, made against the backdrop of the accused's commendable naval record, if the court-martial had been advised that the sentence was void and that the attempt to suspend the bad-conduct discharge was not binding upon the convening authority, it may well have adjudged a sentence which did not include a bad-conduct discharge."

The Government seeks to distinguish Samuels, supra, on the quoted facts and urges we are not here confronted with an accused who has a long record of commendable naval service. That may be true, but the court-martial was faced with the task of sentencing an eighteen-year-old first offender with only nine months' service and no prior record of misconduct. Undoubtedly, it may have thought, as did the convening authority, in acting on the case, that "by suspending the Bad Conduct Discharge, the Navy might restore a potentially good naval seaman." Thus, despite factual distinctions, there is here, as in United States v Samuels, supra, a fair risk that a properly instructed court would not have thereafter included a punitive separation in its sentence. The error, therefore, was prejudicial.

The Government, adverting to United States v Marshall, 2 USCMA 342, 8 CMR 142, further contends any prejudice to the accused was purged by the later suspension of the bad-conduct discharge by the convening authority. In Marshall, supra, we held no more than that a court-martial was not empowered to suspend a discharge, but that an attempt to do so did not void the penalty. Hence, we concluded the convening authority indeed was empowered thereafter to suspend the punitive separation probationally. We did not, however, deal in that case with the necessity for proper instructions, once a purportedly suspended sentence was returned. In United States v Samuels, supra, we expressly recognized the holding in Marshall, supra, but noted, in addition thereto, that an instruction on the invalidity of the suspension was required. In fact, the convening authority in Samuels, supra, as in Marshall, supra, suspended the discharge there adjudged, albeit for a period different from that involved in the sentence. Yet, we still reversed on the instructional issue.

Taken together, therefore, the teaching of United States v Marshall and United States v Samuels, both supra,

---

[1] Accused pleaded guilty pursuant to a pretrial agreement which envisioned suspension of the discharge for a period of one year.

is that, under the circumstances here presented, the lack of a proper instruction by the president was prejudicially erroneous, and reversal must follow, despite the suspending action of the convening authority.

On oral argument, however, some representation was made by counsel concerning the remission of the punitive discharge and accused's restoration to duty, pending our consideration of this case. It was not made clear whether this has been accomplished, or whether, simply through the passage of time, his probationary period has expired. If the discharge has in fact been remitted and accused restored to duty, nothing further remains, as the error affected only that part of the sentence. See United States v Cieslak, 13 USCMA 216, 32 CMR 216. If such action has not been taken, however, the prejudice has not been purged, and the discharge must either be disapproved or a rehearing ordered on the sentence. In view of the uncertainty as to what has occurred, we remand the case to the board of review for appropriate action in the light of our decision herein and United States v Cieslak, supra.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy for action consistent with this opinion.

Chief Judge QUINN and Judge KILDAY concur.