June 28, 1967

No. 19,779. United States v Robert E. Manos, SA, U. S. Navy (NCM 66–1033).

When this case was previously before us, we concluded it was error for the convening authority to have denied the accused's request for the attendance at his court-martial of certain witnesses in extenuation and mitigation. We nevertheless found no prejudice in light of the fact that such error went to the question of the adjudication of a punitive discharge, and we were informed on oral argument that such had been remitted. See United States v Cieslak, 13 USCMA 216, 32 CMR 216.

We are now informed that this information was erroneous. In fact, the accused's punitive discharge was ordered into execution. In light of this development, we necessarily conclude the error was prejudicial to accused's substantial rights and requires further action with regard to the sentence. Accordingly, our opinion and mandate in the case are modified to direct that such be accomplished.

The decision of the Board of Review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The board may disapprove the punitive discharge or order a rehearing on the sentence.

Chief Judge Quinn dissents for the reasons set forth in his concurring and dissenting opinion in United States v Manos, 17 USCMA 10, 37 CMR 274.

MOTION TO QUASH DENIED

June 28, 1967

No. 67–8. United States v Albert Hamburg, PFC, U. S. Army.

MOTION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION DENIED

October 5, 1967

No. 67–13. James R. Woodard, CAPT, U. S. Army v Stanley R. Resor, Secretary of the Army.

## MOTIONS FOR APPROPRIATE RELIEF DENIED

November 13, 1967

No. 67–15. United States v. John D. Potter, Jr., PFC, U. S. Marine Corps.

December 19, 1967

No. 67–21. United States v Gregory A. Russell, AN, U. S. Navy.

ORDERED by the Court that said motion be, and the same is, hereby denied without prejudice to raise the question at the time of appeal should the case be appealed.

## MOTION FOR REVIEW DENIED