**UNITED STATES, Appellee,**

v.

**Mileo M. OCCHI, Private First Class, U. S. Marine Corps, Appellant.**

No. 31,663.

NCM 75–1238.

U. S. Court of Military Appeals.

Nov. 5, 1976.

Lieutenant Gordon Stephen Wright, JAGC, USNR, argued the cause for Appellant, Accused.

---

*Captain W. D. Blalock,* USMCR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress,* USMC.

Opinion

COOK, Judge:

In accordance with his pleas, the appellant was convicted by a special court-martial, consisting of a military judge alone, of four specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The military judge sentenced the appellant to a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $215 per month for 4 months, and reduction to the lowest enlisted grade, and recommended that the convening authority suspend various portions of the adjudged sentence. The sentence was approved, without suspension, by both the convening authority and the supervisory authority, and was affirmed by the Court of Military Review. We granted review to determine whether the trial judge had the power, under the provisions of 18 U.S.C. § 3651, to suspend those portions of the sentence he recommended be suspended.[1]

In *United States v. Marshall,* 2 U.S.C. M.A. 342, 343, 8 C.M.R. 142, 143 (1953), this Court concluded that a court-martial had no power to suspend a sentence since such power was normally vested in an official having authority to order execution of a sentence.[2] Relying on the amendments to the Code effected by the Military Justice Act of 1968, 82 Stat. 1335, which provide for a military judge in lieu of a law officer, and the provisions of 18 U.S.C. § 3651, the appellant contends that the military judge must be granted the same authority as a Federal district judge.[3] Thus, the appellant submits that *Marshall* should be overruled and the trial judge should be held to have the authority to suspend sentences. I disagree.

The United States Supreme Court, in *Ex Parte United States,* 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916), held that there was no inherent power in the judiciary to suspend a sentence or grant probation because such functions were, under the Constitution, entrusted to the Legislative and Executive branches of the Government. As subsequently noted by the Court, any judicial power to act in such matters is derived solely from the legislature. *Affronti v. United States,* 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955).

In 1925, Congress passed the Probation Act and granted the Federal civilian courts powers of suspension and probation. 18 U.S.C. § 724 (1940), 43 Stat. 1259. The applicable statute is now 18 U.S.C. § 3651 (1976), and the relevant paragraph provides as follows:

> Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

With the exception of a 1958 amendment omitting a clause which excepted the courts

---

1. I note that the trial judge's recommendation was contingent upon the appellant's behavior between the date of trial and the convening authority's action. In view of his apparent conclusion that he had no power to suspend, which was based on existing military law, for the purpose of this appeal I assume he would have suspended those portions of the sentence in question if he had concluded he had the power to do so. *See United States v. Marshall,* 2 U.S.C.M.A. 342, 8 C.M.R. 142 (1953).

2. *Accord, United States v. Samuels,* 10 U.S.C. M.A. 206, 27 C.M.R. 280 (1959); *United States v. Kaylor,* 10 U.S.C.M.A. 139, 27 C.M.R. 213 (1959).

3. *See* S.Rep.No.1601, 90th Cong. 2nd Sess., 3 U.S.Code Congressional and Administrative News pp. 4503–04 (1968), which notes one purpose of the 1968 amendment is to give a military judge "functions and powers more closely allied to those of Federal district judges."

of the District of Columbia, P.L. 85–463, 72 Stat. 216, the cited paragraph has remained unchanged since its reenactment in 1948.[4] Thus, the relevant provision was in effect at the time *Marshall* was decided. Although the applicability of 18 U.S.C. § 3651 was not specifically addressed in the opinion, it is clear the rationale of *Marshall* soundly rejected such a contention. Initially, I note the quoted statute provides for suspension of a sentence "[u]pon entering a judgment of conviction." Neither a law officer, under the older provision of the Code, nor a military judge, under the newer provision, enters a judgment of conviction. The Court recently held in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), unlike the Federal civilian criminal justice system, the legal effect of a court-martial sentence depends upon the action of the convening authority rather than that of the trial court. As noted by the Court in *Dunlap*, "In military law, the ultimate legal effect of the findings of guilty determined by the court-martial and the sentence imposed by it depends upon the action of the convening authority." *Id.* at 137. Indeed, as we held in *Marshall,* the power to execute a sentence does not lie with the trial court or military judge.[5]

■ Articles 71 and 74, UCMJ, 10 U.S.C. §§ 871 and 874, presently delineate various officials who may suspend a sentence. The military judge is conspicuously omitted. Although *Marshall* was decided prior to the Military Justice Act of 1968, Congress expressed no intent in the legislative act to overrule the statutory construction contained in *Marshall.* Although it addressed the area of sentencing powers, it specifical-

ly granted only the convening authority, or officer exercising general court-martial jurisdiction over an accused, the power to defer a sentence. Article 57(d), UCMJ, 10 U.S.C. § 857(d). The accompanying Senate report reflects an intent to grant this power exclusively to the convening authority or the officer exercising general court-martial jurisdiction.[6] As Congress addressed the area of sentencing powers, but took no action inconsistent with the opinions of this Court denying the trial court the power to suspend a sentence, its action imports acceptance of the prior judicial construction of existing statutes. *United States v. Washington*, 1 M.J. 473 (1976). *See also Affronti v. United States, supra* at 84, 76 S.Ct. 171; *Laird v. Nelms*, 406 U.S. 797, 802, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972).

■ Furthermore, I cannot ignore the clear language of Article 71(d), UCMJ, 10 U.S.C. § 871(d), which expressly provides that a convening authority may suspend a sentence. To interpret 18 U.S.C. § 3651 in the manner urged by the appellant would be inconsistent with the purpose of Article 71, *i. e.*, the convening authority, not the military judge, determines if an accused is to be retained in his command in a duty status after a court-martial conviction and sentence.[7] If the military judge acted affirmatively to suspend a sentence, his action would effectively moot this command function. I am unwilling to apply a statute outside the statutory scheme of the Code in a manner inconsistent therewith; for example, the specific controls over the more general statute. As recently noted by the Su-

---

4. The statute, as originally enacted in 1925, contained the phrase, "the courts of the United States." 18 U.S.C. § 724 (1940). However, the reviser's note to 18 U.S.C. § 3651 (1969) reflects that the phrase was changed to "any court having jurisdiction to try offenses against the United States" for the purpose of clarifying the legislative intent of Congress to include federal offenders in the territories and possessions, as well as the continental limits of the United States.

5. *See* Article 71(d), Uniform Code of Military Justice, 10 U.S.C. § 871(d).

6. S.Rep.No.1601, 90th Cong., 2nd Sess., 3 U.S. Code Congressional and Administrative News pp. 4514 (1968).

7. Although other officials have the power to suspend a sentence under Articles 71 and 74, UCMJ, 10 U.S.C. §§ 871 and 874, I note that, as a practical matter, the convening authority usually makes the initial determination.

preme Court in *Radzanower v. Touche Ross & Co.:* [8]

It is a basic principle of statutory construction that a statute dealing with a narrow, precise and specific subject is not submerged by a later-enacted statute covering a more generalized spectrum. "Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." [9]

█ I further observe the entire statutory scheme embodied in the Probation Act (18 U.S.C. §§ 3651–56) is incompatible with the military procedure which is set forth in the Uniform Code of Military Justice. For instance, under the provisions of 18 U.S.C. § 3651, certain conditions of probation imposed by the court must be preceded by a certification from the Attorney General that facilities are available within the community to carry out these requirements. Additionally, 18 U.S.C. §§ 3653–55 provide for the appointment, duties, and responsibilities of probation officers, and, under the provisions of 18 U.S.C. § 3656, the probation system is supervised by the Director of the Administrative Office of the United States Courts. Finally, unlike the Federal civilian system, a sentence is not always adjudged by the trial judge alone, a sentence may also be adjudged by the court members or summary court-martial officer. In the case of summary courts-martial and some special courts-martial, there is no trial judge even detailed to the court. *See* Article 16, UCMJ, 10 U.S.C. § 816. Because Articles 71 and 74, UCMJ, 10 U.S.C. §§ 871 and 874,

provide for a system of suspension under the unique procedures existing in the military, I conclude the Federal civilian system is incompatible and the military judge has no power to suspend a sentence.

The decision of the United States Navy Court of Military Review is affirmed.

PERRY, Judge (concurring in part and dissenting in part):

I agree with Judge Cook that, for the reasons, and upon the logic he articulates, it was the intent of Congress that, initially, the convening authority, not the military judge, is to exercise the power to suspend [1] the execution of any portion of a court-martial sentence.[2] However, my concurrence does not extend to two portions of his opinion, neither of which is necessary to a disposition of the question before the Court, and, for that reason, my vote must be qualified.

First, I reserve comment on the last segment of Judge Cook's opinion, which submits that the entire statutory scheme reflected in the Probation Act is incompatible with that set out in the Uniform Code of Military Justice. I am not persuaded one way or the other, but, in any event, I find this nondeterminative of the present controversy.

Second, I disagree with that earlier part of his opinion which states that the military judge does not enter "a judgment of conviction," but, instead, implies that it is the convening authority who does so. Indeed, while it is the convening authority who finally *executes* the sentence which ulti-

---

8. 426 U.S. 148, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976) (citation omitted).

9. In the case under consideration, the specific statutes postdated the general statute, a circumstance which would more strongly warrant adherence to the specific statutes.

1. Judge Cook describes this suspension power as a "command function." While I certainly agree that, in the Armed Forces, a commander, out of military necessity, ought to have the authority to retain in a duty status a serviceperson who has received a court-martial sentence which, otherwise, would remove him or her therefrom, I do not view the decision as to

whether or not to suspend a sentence as one exclusively of command.

2. I do not agree with the Chief Judge that the majority in today's decision renders an "advisory opinion" on this issue. Believing, as I do, that *United States v. Marshall,* 2 U.S.C.M.A. 342, 8 C.M.R. 142 (1953), was precedent binding on the military judge holding that he lacked the authority to suspend a portion of the sentence he had adjudged, had the judge purported to suspend portions of the sentence he would have been acting "directly contrary to a decision of this Court." *United States v. Heflin,* 23 U.S.C.M.A. 505, 506 n. 6, 50 C.M.R. 644, 645, 1 M.J. 131, 132 (1975).

**64**

mately is approved,[3] this ministerial act is not one amounting to the entering of a judgment which, by its nature, is an act judicial in character.[4]

Save these reservations, I join in Judge Cook's opinion and concur in the disposition prescribed.

FLETCHER, Chief Judge (concurring in the result):

I am unwilling to make the key assumption upon which the principal opinion rests: that the trial judge would have suspended portions of the adjudged sentence had he not apparently concluded "that he had no power to suspend." The trial judge's recommendation was just that and, as acknowledged in the principal opinion, it was "contingent upon the appellant's behavior between the date of trial and the convening authority's action." Certainly then, the trial judge did not intend to suspend part of the sentence at the time he imposed it for he qualified his suspension recommendation with a condition precedent. Nor did the trial judge indicate that he would have suspended the sentence, if he had possessed the authority to do so.

With the facts in this posture, I find it unnecessary to issue an advisory opinion that purportedly resolves the legality of the practice of a trial judge suspending sentence, other than to note that a reading of *United States v. Marshall,* 2 U.S.C.M.A. 342, 8 C.M.R. 142 (1953), satisfies me that this Court did not consider, much less soundly reject, 18 U.S.C. § 3651 which did not exist in its present form at the time *Marshall* was decided. Until such time as a trial judge actually suspends or evidences some desire to personally suspend either all or a portion

3. Article 71(c), Uniform Code of Military Justice, 10 U.S.C. § 871(c).

4. My viewpoint that it is the military judge who enters the "judgment of conviction" is supported, I believe, by the fact that, contrary to what Judge Cook suggests, there *is* legal effect flowing from the trial court's action which is *not* dependent upon the convening authority's *execution* of that action. For instance, the findings of guilty and the sentence, as approved by the convening authority, are perfectly valid

of a sentence he has imposed, I will reserve judgment on the question presented.

bases for review by Courts of Military Review and by this Court, despite the fact that the convening authority may not *execute* the sentence until *after completion* of this appellate review. Articles 66(c) and 67(d), UCMJ, 10 U.S.C. §§ 866(c) and 867(d); and Article 71(c), *supra.* Additionally, any sentence to confinement adjudged by the court-martial begins to run from the date sentence is imposed, well before it is ordered *executed* by the convening authority.