**UNITED STATES**

v.

**Edward P. ROULO, 372 60 2799, Sergeant (E–5), U. S. Marine Corps.**

**NCM 74 1957.**

U. S. Navy Court of Military Review.

Sentence Adjudged 16 Feb. 1974.

Decided 28 Dec. 1976.

LT Robert R. Sparks, Jr., JAGC, USNR, Appellate Defense Counsel.

LT Patrick A. Fayle, JAGC, USN, Appellate Government Counsel.

Before NEWTON, Senior Judge, and CRANDELL and GLASGOW, JJ.

NEWTON, Senior Judge:

This United States Marine Corps Sergeant was convicted at general court-mar-

tial by military judge alone of unlawfully using marijuana in a civilian community on 29 November 1973, unlawfully using marijuana at a Marine Corps Air Station on 30 November 1973, and unlawfully selling marijuana on board that air station on 30 November 1973.

Trial was held in February 1974 for the noted violations of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. Appellant was sentenced to a bad conduct discharge, confinement for 8 months, forfeiture of $200.00 pay per month for 8 months and reduction to the lowest pay grade. The trial judge recommended that portions of the sentence be suspended. The convening authority approved the sentence as awarded, on 10 July 1974.

On 8 August 1975, this Court, in a divided opinion, set aside the wrongful sale conviction, due to a failure of proof, and affirmed the remaining two convictions and the sentence.

By order of 25 November 1975, the United States Court of Military Appeals set aside this Court's decision as to the sentence, and returned the record with direction to take remedial action with respect to the bad conduct discharge. *United States v. Roulo*, 23 U.S.C.M.A. 721 (1975). The error noted was the failure of the convening authority to state reasons for his disagreement with his staff judge advocate's recommendation as to sentence. *See, United States v. Keller*, 1 M.J. 159 (1975).

On 10 March 1976 with the case once again before it, this Court determined that a punitive discharge was not appropriate and approved the sentence *sans* that discharge. *United States v. Roulo*, No. 74 1957 (N.C.M.R. 10 March 1976), Judge Wray dissenting.

On 19 July 1976, the United States Court of Military Appeals vacated this Court's second decision in the case and remanded the record with directions to hold further proceedings in abeyance pending the high Court's disposition of the issues granted in *United States v. McCarthy*, 2 M.J. 26

(1976), and *United States v. Occhi*, 2 M.J. 60 (1976).

We thus consider the conviction of Sergeant Roulo for the third time, nearly 3 years after trial.

The *Occhi* decision, *supra*, obviates discussion of the trial judge's suspension power— he has no such power. *United States v. Williams*, 2 M.J. 74 (1976).

Left for consideration is whether or not court-martial jurisdiction exists over Sergeant Roulo's conviction for one offense of using marijuana off base, one offense of using marijuana on base, and the sentence awarded. *United States v. McCarthy, supra*. Jurisdiction over the on-base offense is unquestionable. Examination of the facts and circumstances surrounding the off-base offense leads to a similar conclusion.

The record reflects that the appellant, a Sergeant in a crash crew at an air station, smoked marijuana with two junior members of his crash crew—a Lance Corporal and a Private First Class—at his off-base residence on the evening of 29 November 1973. Those three individuals again smoked marijuana on the following day while acting as a crash crew at the air station. The above misconduct must be viewed in light of the senior-subordinate relationship which existed among the participants, all of whom were members of a small squad within a single unit. Appellant, as a noncommissioned officer, had certain inherent responsibilities in exhibiting leadership by example, and in ensuring the safety and welfare of his subordinates, whether on or off duty. That he failed to fulfill these responsibilities, and that his criminal example resulted in further violations of military law, is clear from the continuation of similar misconduct the following day on station. By appellant's behavior, military property and lives were placed in jeopardy; for how an intoxicated crash crew may function in an emergency is at least questionable. It is well known and generally accepted that marijuana is an intoxicating agent which causes

perceptual aberrations, an undesirable condition for crash crews.

The following factors weighing in favor of military jurisdiction over the off-base offense are apparent.

1. A crime initiated off-base was again committed by the same participants on base.

2. Appellant had a duty as a noncommissioned officer to prevent criminal acts by his subordinates. Instead, he encouraged their misconduct by his own acts of criminal participation, both on and off base.

3. Military authority was flouted.

4. Security of a military post was jeopardized.

5. Protection provided to military property and personnel was jeopardized.

A distinct military interest in deterring the offense, greater and more immediate than the civilian interest, is apparent. The military interest is pervasive since it appears that the criminal venture was developed by Marines who were associated in the same military unit and that the commission of the identical crime carried over onto the military base. The military interest is, therefore, overriding. *United States v. McCarthy*, 2 M.J. 26 (1976). The concession by government counsel as to lack of jurisdiction over the off-base offense is considered unwarranted and premature. A "detailed, thorough analysis of jurisdictional criteria . . . to resolve the service-connection issue in all cases tried by court-martial," *United States v. Moore*, 1 M.J. 448 (1976), cited in *McCarthy, supra*, at 28, reveals a pervasive military interest and jurisdictional connection sufficient to warrant trial by court-martial. *See also,* 20 CrL 4074–5, November 17, 1976.

Accordingly, the findings of guilty of Charge I and specification 2 thereunder and of the Additional Charge and its supporting specification, and only so much of the sentence as provides for confinement for 8 months, forfeiture of $200.00 each month

for 8 months and reduction to pay grade E–1 are affirmed.

Judge CRANDELL and Judge GLASGOW concur.