UNITED STATES, Appellee,

v.

Private E2 Keith A. MILLSAP, SSN
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, United States
Army, Appellant.

SPCM 20121.

U.S. Army Court of Military Review.

30 Mar. 1984.

Colonel William G. Eckhardt, JAGC, Captain L. Sue Hayn, JAGC, and Captain David W. Sorensen, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain John F. Burnette, JAGC, were on the pleadings for appellee.

Before CLARKE, SU-BROWN and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

CLARKE, Senior Judge:

Appellant was charged with a ten-day AWOL (Article 86, Uniform Code of Military Justice (UCMJ)), 10 U.S.C. § 886 and missing movement with Exercise REFORGER through design (Article 87, UCMJ 10 U.S.C. § 887). He pled guilty to the AWOL and to the lesser included offense of missing movement through neglect. He was, however, convicted of both offenses as charged. His approved sentence includes a bad-conduct discharge, confinement at hard labor for two months, partial forfeitures and reduction to Private E-1.

The evidence of record establishes appellant's guilt of both offenses beyond a reasonable doubt. Our concern here is only over the appropriateness of the sentence, specifically the unsuspended punitive discharge. In this regard, the importance of REFORGER to the military and geopolitical interests of the United States is unquestioned. On the other hand, the circumstances indicate that the appellant's actions, while willful, were not coldly calculated. He was caught up in a series of events, albeit of his own making, which clouded his judgment and contributed to his offenses. The fact that he was in telephonic contact with his unit several times during his absence is indicative of his longer range intentions.

At the time of his offenses, appellant was 17 years old. He had been in the Army less than eight months and with his current unit less than two months. His previous record was unblemished and reflected successful completion of basic training and an interim assignment for which he was specifically

selected. During his 45 days of pretrial confinement he attained the highest custody grade in the local detention facility. His company commander, a key prosecution witness at trial, recommends suspension of the punitive discharge, coupled with retraining efforts. He believes the appellant's difficulties stemmed in part from youth and immaturity.

This Court is not authorized under the law to suspend a punitive discharge. *United States v. Clark*, 16 M.J. 239 (C.M.A. 1983); *United States v. Occhi*, 2 M.J. 60 (C.M.A.1976). In his concurring opinion in *Clark*, Chief Judge Everett suggested a mechanism we could employ if we found an unsuspended discharge inappropriate, but a suspended discharge warranted. We could, in such circumstances, return the case to the convening authority advising him of our position and requesting him to reconsider the sentence with a view to suspension or disapproval of the discharge. Such is the case here, as we find an unsuspended discharge inappropriately severe.

Accordingly, the findings of guilty are affirmed. The record of trial is returned to the convening authority for reconsideration of suspension of the bad-conduct discharge. The convening authority may suspend the discharge under such terms as he deems appropriate or approve or disapprove it entirely.

Judge SU–BROWN concurs.

BADAMI, Judge, concurring in part, dissenting in part:

I agree in principle that this Court has the authority to remand a case to the convening authority with instructions to reconsider the sentence. However, this is not the appropriate case. My review of the record leads me to conclude that appellant does not wish to undergo "rehabilitative training." In the event appellant is restored to duty, his intransigent attitude and refusal to follow orders would make him a poor prospect for ever becoming an effective soldier. Accordingly, I would affirm not only the findings but the sentence as well.