UNITED STATES

v.

**Airman Basic Timmy B. BROCK, FR 223–08–8194, United States Air Force.**

ACM S25473.

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 Dec. 1981.

Decided 21 May 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

DECISION

MAHONEY, Judge:

Tried by special court-martial, the accused was convicted pursuant to his pleas of breach of restraint on 13 October 1981, and of AWOL from on or about 14 October 1981 to on or about 27 November 1981, in violation of Articles 134 and 86, Uniform Code of Military Justice [U.C.M.J.]. The approved sentence extends to a bad conduct discharge, confinement at hard labor for three months, and forfeiture of $150.00 per month for three months.

On 13 October 1981, as a part of nonjudicial punishment imposed pursuant to Article 15, U.C.M.J., the accused was ordered into correctional custody. Enroute to the correctional custody facility, he eluded his escort and did not return to military control until 27 November 1981.

Appellate defense counsel contend that the accused's absence began not on 14 October, but on 13 October when he breached the restraint of correctional custody. The supervisory authority was so advised by his staff judge advocate, and we agree. *See, United States v. Baker,* 35 C.M.R. 916 (A.F. B.R.1965). Appellate defense counsel further contend that since the offense was committed on 13 October, the accused's plea of guilty to AWOL on 14 October was improvident. We disagree.

The offense of AWOL is committed on the date of inception, *United States v. Emerson,* 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951), and the duration of the absence affects only the gravity of the offense. *United States v. Lovell,* 7 U.S.C.M.A. 445, 22

C.M.R. 235 (1956). However, if the accused is not misled and the statute of limitations is not in issue, the precise date is not essential to a successful prosecution. Normally, a slight variance between the charged and proven date of an AWOL is immaterial. *United States v. Bieganowski*, 12 C.M.R. 815 (A.F.B.R.1953) (one-day variance); *United States v. Dunlap*, 10 C.M.R. 319 (A.B.R.1953) (one-day variance); *United States v. Davenport*, 9 C.M.R. 216 (A.B.R. 1952) (six-day variance).

 Moreover, as we view this case, no variance exists among the pleadings, the accused's admissions during the guilty plea inquiry, the stipulated facts, and the findings. The accused was charged with AWOL "on or about" 14 October 1981. There was no confusion as to the operative facts, although the legal effect of those facts was not highlighted at trial. *See,*

*United States v. Felty*, 12 M.J. 438 (C.M.A. 1982). In these circumstances we have no hesitancy in concluding that 13 October 1981 *is* "on or about" 14 October 1981, and that the accused's plea of guilty was providently entered.

The findings of guilty and the sentence are correct in fact and law and, based upon the entire record, are

AFFIRMED.

POWELL, Senior Judge, and KASTL, Judge, concur.