UNITED STATES

v.

Airman First Class David W. FIELDER, FR 230–06–5887, United States Air Force.

ACM 24865.

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 April 1985.

Decided 18 Oct. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before FORAY, MURDOCK, and O'HAIR, Appellate Military Judges.

---

4. *Groce,* 3 M.J. at 371.

## DECISION

MURDOCK, Judge.

The appellant was charged with desertion. Pursuant to his pleas, he was found guilty of absence without leave (AWOL) by a military judge sitting alone. The military judge sentenced him to a bad conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to airman basic. The convening authority reduced the confinement to seven months and approved the modified sentence. In his response to the Staff Judge Advocate's Recommendation, the appellant asserted that the trial counsel and military judge had incorrectly considered the maximum permissible confinement for the appellant's offense to be 18 months instead of the correct 12 months. We agree.

After unsuccessfully appealing a nonjudicial punishment for a short AWOL, the appellant left his unit at Carswell Air Force Base Texas, and failed to report for thirty days correctional custody. He remained away from his unit until he was arrested by Virginia civilian police for speeding eighteen months later. When the police discovered the appellant's status as a military absentee, they released him to military authorities at Langley Air Force Base, Virginia. At Langley he was placed in pretrial confinement and remained there for 73 days until his trial.

This case is complicated by the noncontinuing nature of absence offenses and a change in the law during the appellant's absence. He left his unit in August 1983 and was not apprehended until February 1985. While he was still absent, the Manual for Courts-Martial, United States, 1984, took effect. This new Manual provides for enhanced punishment for AWOLs which are terminated by apprehension. M.C.M, Part IV para 10(e)(2)(d). Previously, the punishment distinction of "termination by apprehension" had only applied to desertion. M.C.M. (1969, Rev.), para 127(c).

The assistant trial counsel stated in his argument on sentencing that the maximum confinement permissible in this case was 18 months. This is the maximum allowable under the Manual for Courts-Martial, 1984, for absences terminated by apprehension. The maximum confinement which was in effect at the time the appellant absented himself was 12 months.

The government argues that since it could not be determined until the appellant returned whether the absence was terminated by apprehension, the final portion of the offense did not occur until he returned to military control in 1985. They argue that the 1984 rules authorizing extra punishment for an absence terminated by an apprehension should apply.

 That argument misconstrues the nature of the Manual change. The offense of AWOL under Article 86 was not changed; only the authorized punishment was changed by adding "termination by apprehension" as an aggravating circumstance. Absence offenses, like AWOL, are unusual because although they deal with absences which take place over various lengths of time, the offense itself is complete at the first moment of absence. The duration of the absence is a matter in aggravation for the purpose of increasing the maximum punishment authorized. M.C.M., Part IV, para 10(c)(8); *United States v. Brock*, 13 M.J. 766 (A.F.C.M.R.1982). As a result, the appellant's AWOL offense was complete on the day he left his unit in August 1983.

The President provided rules for implementing the 1984 Manual in Executive Order 12473, which provides in part:

[T]he maximum punishment for an offense committed prior to August 1, 1984, shall not exceed the applicable limit in effect at the time of the commission of such offense....

The appellant's offense was committed in August 1983. Executive Order 12473, therefore, limits the punishment to that in effect in August 1983. The maximum confinement permissible for the appellant's offense during August 1983 was one year. This is the maximum which should have been applied to the appellant's case. Executive Order 12473; *United States v. Perry*,

17 C.M.R. 548 (C.G.B.R.1954). *Accord, United States v. Flood*, 2 U.S.C.M.A. 114, 6 C.M.R. 114 (1952); *United States v. Emerson*, 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951); *United States v. Servati*, 20 C.M.R. 553 (C.G.B.R.1954).

It was error to apply the maximum permissible punishments of the Manual for Courts-Martial, 1984, to this case. Accordingly, we will reassess the sentence and will approve only so much of the sentence as includes a bad conduct discharge, 6 months confinement, forfeiture of $413.00 per month for six months, and reduction to airman basic. The finding of guilty, and the sentence as modified are

AFFIRMED.

FORAY, Senior Judge, and O'HAIR, Judge, concur.